## HEWITT v. STEELE, *Appellant*.

### In Banc, December 15, 1896.

1. **Practice**: COSTS IN FORMER ACTION. A motion to stay proceedings, in a second suit on the same cause of action, until the costs of the first suit are paid, is properly denied, where the only evidence to support the charge that the suit is vexatious is the record of the former action, which discloses that the plaintiff recovered judgment therein and that the trial court set it aside for error in law.

2. ————: LIMITATION: NONSUIT: STATUTE. A verdict for the plaintiff was set aside and a new trial granted and on plaintiff's refusal to further prosecute her action, judgment of nonsuit was entered, whereupon plaintiff appealed from the order granting a new trial and dismissing her petition and rendering judgment against her for costs. *Held*, that plaintiff "suffered a nonsuit" on affirmance of the judgment within Revised Statutes, 1889, section 6784, permitting a new action to be begun within one year after plaintiff suffers a *nonsuit*.

3. ———: NEGLIGENCE: VERDICT: INSUFFICIENCY OF EVIDENCE.  Where plaintiff sued defendant for negligence in selling corporate stock at less than its value and the evidence affirmatively showed that defendant made diligent effort to procure the best price he could; that the price he sold for was the highest that could be obtained and was the full market value of the stock in its condition at the time of the sale, the trial court should direct a verdict for the defendant.

4. Appellate Practice: VERDICT: INSUFFICIENCY OF EVIDENCE. Where there is no substantial evidence to support the verdict, the supreme court will reverse the judgment.

*Appeal from Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED.

*J. G. Trimble* and *Elijah Robinson* for appellant.

(1)    The court should have made an order staying the prosecution of this suit until the costs of the first suit had been paid. This is a rule of practice well established, and is founded upon the plain principles of justice. *Buckels v. Railroad*, 47 Fed. Rep. 424; *Ripley v. Benedict*, 4 Cow. 19; *Perkins v. Hinman*, 19 Johns. 237; *Taylor v. Vandivert*, 9 Wend. 449; *Kentish v. Tatham*, 6 Hill, 372; *Jackson v. Carpenter*, 3 Cow. 22; *Ex parte Stone*, 3 Cow. 380; *Fleming v. Ins. Co.*, 4 Pa. St. 475; *Felt v. Amedon*, 49 Wis. 66; *Gerrish v. Pratt*, 6 Minn. 53; *Henderson v. Griffin*, 5 Pet. 151.    (2) The action was barred by the five years' statute of limitations.    (3)    The only charge in the petition was negligence on the part of the defendant in the sale of the stock in question. There was no pretense that he acted dishonestly or that he profited in any way by the transaction. The evidence did not support the charge of negligence and under the circumstances it was clearly the duty of the court to direct a verdict for the defendant. *Morgan v. Durfee*, 69 Mo. 476; *Fitzgerald v. Barker*, 96 Mo. 661; *Long v. Long*, 107 Mo. 338; *Craig v. Kelly*, 49 Mo. App. 317.

*Chas. B. Stark* and *Bailey & Tincher* for respondent.

(1)   The court committed no error in refusing to stay further proceedings in this case until the costs of the former suit should be paid.   "The power of staying proceedings until the costs of former suits, or appeals, are paid, is equitable in its nature, and intended to prevent the vexatious multiplications of suits." *McIntosh v. Hoben*, 11 Wis. 400; *Ex parte Stone*, 3 Cow. 380; *Jackson v. Schauber*, 4 Wend. 216; *Smith v. Barvardiston*, 2 Wm. Black. R. 904.   (2) The appellant's demurrer to the respondent's evidence was properly overruled because there was evidence to go to the jury on the question whether the appellant had exercised ordinary care and prudence and the demurrer admitted the truth of all facts testified to by the witnesses and every reasonable inference that the jury might have drawn therefrom. *Wilson v. Board*, 63 Mo. 137; *Buesching v. St. Louis Gaslight Co.*, 73 Mo. 219; *Jackson v. German Ins. Co.*, 27 Mo. App. 62; *Walton v. Railroad*, 32 Mo. App. 634.   (3)   If the court erred in refusing to nonsuit the respondent at the close of her evidence the appellant waived the error by introducing evidence on his behalf and the case stands now for review on the whole case. *Bowen v. Railroad*, 95 Mo. 268; *Bowen v. Railroad*, 95 Mo. 286; *Goodger v. Finn*, 10 Mo. App. 226; *Cadmes v. St. L., etc., Co.*, 15 Mo. App. 86; *McCarthy v. Railroad*, 15 Mo. App. 385.   (4)   Where there is any substantial evidence to support a verdict in a case at law this court will not disturb it because it appears to be against the weight of the evidence. *Rea v. Ferguson*, 72 Mo. 225; *Myer v. McCabe*, 73 Mo. 236; *State v. Hert*, 89 Mo. 590; *Grove v. City of Kansas*, 75 Mo. 672.   (5)   This suit having been instituted within one year after the rendition of the judgment of affirmance

in this court of the judgment of nonsuit in the circuit court of the former suit between the same parties is not barred by the statute of limitation. R. S. 1889, sec. 6784; *Chouteau v. Rowse*, 90 Mo. 191; *Wood v. Nortman*, 85 Mo. 298; *Briant v. Fudge*, 63 Mo. 489; *Shaw v. Pershing*, 57 Mo. 417; *Coffin v. Cattle*, 16 Pick. 383; *Napier v. Foster*, 80 Ala. 379; *Premo v. Lee*, 56 Vt. 60; *Succession of Saunders*, 37 La. Ann. 769; Bouv. Law Dic. verb. Nonsuit; 3 Black. Com. 296, 316. (6) The judgment is for the right party and should not be disturbed. R. S. 1889, sec. 2303; *Gordon v. Eans*, 97 Mo. 587; *Valle v. Picton*, 91 Mo. 207; *Thompson v. Foerstel*, 10 Mo. App. 290; *Muench v. Valley Nat. Bank*, 11 Mo. App. 144.

BRACE, C. J.—Suit on the cause of action set out in plaintiff's petition was originally commenced in the circuit court of Audrain county, on the fourteenth of May, 1889, taken by change of venue to Pike county circuit court, where it was tried at the September term, 1890, of that court, resulting in a verdict in favor of the plaintiff for $6,250 which on motion of defendant was set aside and a new trial granted, although the plaintiff offered to remit all of said verdict in excess of $4,000.

The cause having been re-docketed and coming on for trial at the March term, 1891, of said court (on the fifteenth day of May, 1891), and plaintiff refusing to further prosecute her action in said court, the court that day ordered a nonsuit, and entered judgment for the defendant and upon the court refusing to set aside such judgment, the plaintiff perfected her appeal from the order of the trial court granting defendant a new trial, dismissing her petition and rendering judgment against her for costs. On the seventh of December, 1893, the judgment of the circuit court was, on this

appeal, in all points affirmed by the supreme court. *Hewitt v. Steele*, 118 Mo. 463.

Afterward, on the twenty-ninth of December, 1893, this suit was instituted in the Audrain circuit court, and, after issue joined, was taken thence by change of venue to the Callaway circuit court, wherein the defendant filed a motion setting forth the history of the former suit, alleging that a large part of the costs of the former suit adjudged against plaintiff remained unpaid, that plaintiff had no meritorious cause of action, that the institution of the second suit was vexatious; prayed the court to stay further prosecution thereof, and offered testimony in support of his motion, which offer was by the court rejected, the motion overruled, and defendant excepted.

The cause thereafter coming on for trial, was heard and submitted to the jury on the evidence under instructions from the court, and a verdict returned in favor of the plaintiff for the sum of $5,500. Thereupon the defendant filed his motion for new trial, pending which the plaintiff entered a *remittitur* of $1,100, whereupon the court overruled the motion for a new trial, and entered judgment in favor of the plaintiff for the sum of $4,400, from which the defendant appeals.

The cause of action stated in the petition was for damages for the alleged negligence of defendant in selling one hundred and seventy-five shares of the capital stock of the Mound Street Warehouse Company of the city of St. Louis, of which she was the owner, and which the defendant held as collateral security for an indebtedness due from her to him, for an inadequate price. The answer was in effect a general denial, a plea of *res adjudicata* and of the statute of limitations.

On the trial the defendant interposed a demurrer at the close of plaintiff's evidence, and again at the close of all the evidence, which was overruled.

A full, fair, and clear statement of the salient facts of the case as they wore developed in the evidence on the trial may be found in the opinion of BURGESS, J., in the former case, 118 Mo. p. 466, *et seq.*, and need not be reiterated here.

The errors complained of are the refusal of the court to stay the proceedings in this case until the costs in the former suit were paid; in not sustaining the plea of limitation; in overruling the demurrer to the evidence; in the admission of illegal evidence for the plaintiff, and in rejecting legal evidence for the defendant; and in giving the first and second instructions for the plaintiff.

1.    It has been said that "Every court of justice has power to control its proceedings so as to prevent oppression between its suitors.    *    *    *    Upon this principle it is, that when the *merits* of a cause have been heard, and the plaintiff is either nonsuited or a verdict passes against him, he will not be permitted to harass the defendant with a second suit on the same ground, until the costs of the first are discharged. This rule is equally applicable to ejectments and all *other* causes, and it is adopted both by the King's Bench and Common Pleas." *Newton v. Bewley*, 1 P. A. Browne (Pa.), 38.   See, also, *Melchart v. Halsey*, 2 Blackstone 741.

In the last case GOULD, J., said that, "the true ground of the present rule is, that the second action is vexatious."

While this question has never been· considered by this court so far as we are advised, in the recent case of *Jones v. Barnard*, 63 Mo. App. 501, the rule was directly passed upon and sustained by the Kansas City court of appeals, as it has been in numerous cases in other states, some of which are cited in the brief of

counsel, and to which many others might be added.
5 Ency. of Pleading & Practice, p. 261, sec. 5, n. 1.

Conceding, however, that the trial courts in this
state have such discretionary power, to be cautiously
used, and subject to review only when the discretion is
abused, this cause does not come within the principle
of the rule.   The only evidence offered to support the
allegation, that the suit was vexatious, and without
merit, was the record of the former suit, which dis-
closed the fact that upon the same cause of action the
plaintiff had obtained a verdict and judgment which
was set aside, not for want of merit, but for error of
law, by the court on the trial.   This point is not well
taken.

II.   The stock was sold about the middle of March,
1889.   The nonsuit was suffered on the fifteenth of May,
1891, and on the same day the appeal from the order
granting a new trial, refusing to set the nonsuit aside,
and from the judgment for costs, was taken to the
supreme court.   The judgment of the circuit court was
affirmed by the supreme court on the seventh of De-
cember, 1893, and on the twenty-ninth of December,
1893, this suit was instituted, and was barred by the
statute of limitations, unless saved from the operation
of the statute by section 6784, Revised Statutes, 1889,
by which it is provided that, "if any action shall have
been commenced within the times respectively pre-
scribed in this chapter, and the plaintiff therein suffer
a nonsuit, or, after a verdict for him, the judgment be
arrested, or, after a judgment for him, the same be
reversed on appeal or error, such plaintiff may com-
mence a new action from time to time, within one year
after such nonsuit suffered or such judgment arrested
or reversed."

This statute applies as well to voluntary as to in-
voluntary nonsuits (*State ex rel v. O'Gorman*, 75 Mo.

3,70), and when an appeal will lie, as now, from an order granting a new trial, which arrests a judgment after verdict, and such appeal is taken, the judgment of nonsuit is thereby superseded, the case removed to the supreme court, and only when the judgment is affirmed by that court is a *nonsuit suffered* within the meaning of this statute, and the plaintiff's action having been commenced within a year after the affirmance of the judgment in the first case, by the supreme court, her action was not barred.    *Chouteau v. Rowse*, 90 Mo. 191.

III.    On the trial much evidence, over the objection of counsel for defendant, was permitted to go to the jury, that was irrelevant, calculated to enlist the sympathies of, and mislead, the jury, to the defendant's prejudice, some of it despite the rulings of the court. In the view we take of this case, however, we deem it unnecessary to rule upon the several exceptions saved to this evidence, or to notice the objections urged to the instructions, being of the opinion after a careful review and consideration of all the legitimate evidence in the case that the court committed error in not sustaining the demurrer thereto.

While there was evidence tending to show that the property of the company was of such a value that if it had been disposed of, and the affairs of the company wound up at or about the time this stock was sold, the stockholders might reasonably have expected to realize considerably more upon their stock than the plaintiff's stock was sold for, yet there is no evidence tending to show that in the situation in which the corporation then was it was possible for defendant to have obtained a greater price for the stock by sale thereof, than he did obtain, by the exercise of all the care, prudence and diligence that ought to be expected of a reasonably prudent, careful, and diligent man, in such

circumstances. The gist of plaintiff's action was the alleged negligence of defendant in selling the stock for less than its value. There was not only no proof of such negligence, but on the contrary it affirmatively appeared that the defendant made diligent effort to procure the best price therefor that he could, that the price he sold for was the best price that could be obtained, and that such price was the full market value of the stock in its then condition.

There was in fact no substantial evidence to support the plaintiff's cause of action, and the court erred after all the evidence was in, in refusing to direct a verdict for the defendant, for which error the judgment is reversed. All the judges concur except GANTT, J., who does not concur in the third paragraph, for the reason that he thinks there was evidence sufficient to take the case to the jury.