THE WABASH RAILROAD COMPANY, Appellant,
v. T. B. SWEET, Respondent.

Kansas City Court of Appeals, November 23, 1903.

1. **INJUNCTION: Second Suit: Costs.** Where a second suit is
waged between the same parties for the same cause, the pre-
sumption is that the second action is vexatious, and unless the
presumption is overcome the court in such action will order the
proceedings stayed until the costs of the first suit are paid.

2. ———: ———: ———: **Power of Court.** The court in which
such action is brought has ample power to prevent oppression
and may, summarily on motion, stay such suit until payment of
costs in the former action; and resort need not be had to in-
junction in another court of co-ordinate jurisdiction, and the
presumption is that the former court will afford proper relief.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexan-
der*, Judge.

AFFIRMED.

*Geo. S. Grover* and *D. C. Allen* for appellant.

(1)    The demurrer of the defendant to plaintiff's
petition admits to be true, all facts therein which are
well and properly pleaded, and denies only its sufficiency
in law.    Shields v. Johnson Co., 144 Mo. 76; Butler v.
Lawson, 72 Mo. 227; Goodson v. Goodson, 140 Mo. 215;
Verdin v. St. Louis, 131 Mo. 26; Dodson v. Lomax, 113
Mo. 555.    (2)    It is a well settled principle (clearly
asserted in Missouri) as well as one of old law, that
where a party institutes a suit, and, before final judg-
ment, dismisses it, and takes, or submits to a nonsuit,
and, afterwards, without paying the costs in the first
suit, institutes a second suit on the same cause of action,
equity will restrain the prosecution of the second suit

until the costs in the first shall have been paid. 1 Tidd's Practice (3 Am. Ed.), p. 538-9; Weston v. Withers, 2 Durnford & East 5, 11; Crowley v. Impey, 8 Taunton 407; Doe v. Stevenson, 3 Bosanquet & Puller, 22; Jones v. Barnard, 63 Mo. App. 501; Hewitt v. Steele, 136 Mo. 327; Perkins v. Hinman, 19 Johns. 237; Buckles v. Railroad, 47 Fed. 424; Buckles v. Railroad, 53 Fed. 566. This case reaffirms the principles decided in Buckles v. Railroad, 47 Fed. 424. (3) The relief invoked by the appellant is within the fundamental doctrine of a court of equity. Story on Eq. Jurisprudence (13 Ed.), sec. 861; 1 High on Injunctions (3 Ed.), secs. 103 to 106, pp. 81 to 84; Hyatt v. Wolfe, 22 Mo. App. 199; Railway v. Seifert, 41 Mo. App. 41; Sills v. Goodyear, 80 Mo. App. 133; Gordon v. Mansfield, 84 Mo. App. 372; Barrington v. Ryan, 88 Mo. App. 85; Damschroeder v. Thias, 51 Mo. 100; Bresnehan v. Price, 57 Mo. 422; State ex rel. v. Tiedemann, 69 Mo. 306; Turner v. Stewart, 78 Mo. 480.

*C. H. Nearing* for respondent.

(1) The question in this appeal is not whether a court, in the exercise of its discretion, can require a party litigant to pay the costs of a prior suit before proceeding with a cause before that court; but, rather, whether a court of equity, having jurisdiction of a party, can compel the payment of a judgment by restraining the judgment debtor until the judgment is paid. (2) This court has properly held in the case of Jones v. Barnard, 63 Mo. App. 501, cited by appellant, that the court before whom the present case is pending could, in the exercise of its discretion, prohibit the defendant from proceeding with the cause until the costs of the prior suit have been paid. That is not this case. That decision does not hold that the court of any other county, or any other judge, could exercise that discretion.

BROADDUS, J.—This is a suit in equity to restrain defendant from prosecuting a suit against plaintiff in the circuit court of Jackson county, Missouri.

The substantial allegations of the petition are, that on August 23, 1902, the defendant herein instituted against this plaintiff, in the circuit court of Clay county, Missouri, where he then and has since continuously resided, a suit to recover damages in the sum of $5,000 for the alleged killing by this plaintiff of his minor son on July 9, 1902; that said suit came to trial on November 15, 1902; that at the close of his evidence the court sustained a demurrer thereto, but before entering up its judgment permitted plaintiff to take a nonsuit, with leave to move to set the same aside; that he thereafter took nonsuit, and the court rendered its judgment of nonsuit and adjudged to plaintiff herein all its costs in said case against him and awarded execution thereon. That the costs in said suit were $101.97, whereof $87.71 represented the sum therein expended by this plaintiff as costs; that defendant herein has never at any time paid said costs or any part thereof; that in December, 1902, he instituted suit against the plaintiff on the same cause of action in the circuit court of Jackson county, Missouri, where the same is now pending; that defendant is insolvent, and that his said action is vexatious and without merit. The object of the proceeding is to enjoin defendant from prosecuting his said suit until he has paid said costs, and if he shall not do so on final hearing to make said injunction final. A temporary injunction was issued in vacation by the judge of said court on the 10th day of January, 1903, which was duly served. The defendant demurred to plaintiff's petition, which was sustained by the court on the ground that it contained no equity, and dissolved the injunction. Plaintiff appealed.

There is no doubt about the authority of a court in a proper case to stay proceedings. "Where a second action is waged between the same parties for the same

cause, the presumption is that the second action is vexatious, and unless the presumption is overcome the court in such case will order the proceedings stayed until the costs in the first suit are paid.'' Jones v. Barnard, 63 Mo. App. 501; Hewitt v. Steele, 136 Mo. 327; Buckles v. Railway, 47 Fed. 424. And it does not appear that the respondent denies such to be the law; but he does deny that such power exists in a court other than that in which the action is pending.

It will be observed that the proceeding is not, strictly speaking, an effort to interfere with the jurisdiction of the circuit court of Jackson county, but to restrain defendant from an alleged wrongful prosecution of an action in such court.

There is no doubt but what under the authorities in this State the relief asked here could have been obtained in the case pending in the Jackson county circuit court. In Jones v. Barnard, supra, the defendant by motion raised the question of the right of plaintiff to prosecute his action therein without having paid the costs adjudged against him in a former suit between the same parties on the same cause of action. The court used the following language: ''An examination of the numerous authorities . . . fully sustains the position that the court may require the plaintiff in a second suit for the same cause of action to pay the costs in the former case which has been dismissed, before being allowed to further harass the defendant.'' The opinion refers to the power of the court in which said second suit is pending. In Hewitt v. Steele, supra, 1. c. 332, the opinion is: ''Every court of justice has power to control its proceedings so as to prevent oppression between its suitors. . . . Upon this principle it is, that when the *merits* of a cause have been heard, and the plaintiff is either nonsuited or a verdict passes against him, he will not be permitted to harass the defendant with a second suit on the same ground, until the costs of the first are discharged.'' The power to act is placed upon the ground

that the court has control of its own proceedings and exercises it to prevent abuse. In other words, it exercises its inherent power to supervise its own proceedings so as to prevent vexatious litigation. It seems to be the exercise of a species of equity by the right of control over its own processes. The court in support of its views cites Newton v. Bewley, 1 P. A. Browne (Pa.) 38; Melchart v. Halsey, 2 Blackstone 741. In Fox v. Packing Co., 96 Mo. App. 173, it was held ''Where after a nonsuit on a trial the plaintiff begins a new action, it is in the discretion of the court to stay proceedings until the costs of the former action are paid.''

From these authorities I conclude that the Jackson Circuit Court, by reason of its control over its own proceedings, had jurisdiction to afford the relief asked for in this case. That having jurisdiction of the second suit it could have stayed any further action therein until the plaintiff in the latter had paid the cost of the first case. It had jurisdiction of all the parties and of the subject matter without the intervention of a separate suit in equity. I know of no authority which permits a court to interfere with the rights of litigants in a court of concurrent jurisdiction with all the parties before it, clothed with the power by summary process of doing full justice whether in law or in equity. It is claimed that the Jackson Circuit Court has no authority by the summary process of determining the rights of parties herein, but the authorities cited hold to the contrary, and in my opinion have been too well fortified by reason to be overturned on the ground that equity rights can not be tried on a motion but must be adjudicated on a bill in equity. And another principle applies: The presumption that the circuit court of Jackson county will afford plaintiff herein full redress under the law. Hardware Co. v. Lang, 54 Mo. App. 147.

For the reason given we are of the opinion that the judgment of the lower court was right and should be sustained. All concur.