**Marion CORDER, Appellant,**

v.

**Helen V. PRUITT, Administratrix of the Estate of Robert C. Pruitt, and William G. Flora, Administrator of the Estate of Harold James Perry, Respondents.**

No. 49378.

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1962.

---

Ray D. Jones, Jr., Kansas City, for appellant.

Harold J. Maddox, Linde, Thomson, Van-Dyke, Fairchild & Langworthy, Kansas City, for respondents.

HOUSER, Commissioner.

This is a wrongful death action for $25,000, brought by the widow of James Corder, deceased, against the representatives of the estates of Robert Pruitt and Harold Perry, deceased. Corder, Pruitt and Perry, all occupants of a Cadillac automobile, were killed when the Cadillac was demolished in a collision with a Ford automobile. A jury returned a verdict for both defendants. Plaintiff took an appeal in which she raises several points: that three of the instructions given at the request of defendants were erroneous, and that the court committed reversible error in improperly admitting two items of evidence. Defendants-respondents, not conceding error, contend that appellant's claims of error are immaterial for the reason that plaintiff failed to make a submissible case for the jury. We examine this contention first.

The fatal collision occurred at 7:30 p. m. on a dark night, in the country, in an area where there were no houses or lights to illuminate the scene. The Cadillac was traveling west. Another automobile, owned and operated by a Mr. Cox, was traveling west on the same highway, in front of the Cadillac. Mrs. Cox was a passenger in the right front seat, and their little son was either on her lap or on the seat between his parents. The Cox car was traveling 50–55 m. p. h. Five or six times over a period of five to ten miles the driver of the Cadillac came up "real close" behind the Cox car, then "hit its brakes" and dropped back, without contact between the cars, but finally the Cadillac struck the rear end of the Cox car, veered over to the left side of the road and started to pass. Not having sufficient clearance the Cadillac again struck the left rear and left side of the Cox car (inflicting $185 damage) and threw the Cox car to one side off the shoulder of the highway. The Cadillac then passed the Cox car and proceeded west. Mr. Cox, who had reduced his speed to 45 or 50 m. p. h., was able to keep control of his car. He increased his speed to 70 or 75 m. p. h. in an effort to overtake the Cadillac to get its license number, but abandoned the effort when the Cadillac increased its speed to 90 m. p. h. or more. Shortly thereafter the

Cadillac, proceeding west at undiminished speed on the wrong side of the highway, collided head-on with the eastbound Ford, which was on its right side of the highway.

All parties concede that the driver of the Cadillac, whoever he may have been, was negligent. The principal issue tried below was that of the *identity* of the driver of the Cadillac. Plaintiff's submitted theory was that Perry was driving the Cadillac and that Pruitt (owner of the Cadillac) and Corder were passengers. Both defendants contended that Corder was driving the Cadillac and that Pruitt and Perry were passengers. Obviously it was an essential element of plaintiff's case to prove that Perry was driving the Cadillac. To make this proof plaintiff testified that she saw the three men at 10:30 a. m on the day of the tragedy, just prior to their leaving for the Lake of the Ozarks on a fishing trip. Plaintiff described the clothing each man was then wearing, as follows: Perry, a pair of tan work pants and a brown leather jacket; Corder, a pair of gray work pants, a red, white and black checkered shirt, and a blue overall jacket; Pruitt, a green uniform—green pants, shirt and jacket. Plaintiff produced the witness Mrs. Cox, who testified on direct examination as follows:

"Q. And after the Cadillac got around you did you have occasion to see and observe—A. Yes.

"Q. And what did you see and observe? Did you see and observe any people in the Cadillac? A. No, not people; a color.

"Q. A color. All right, describe what you could see and observe in the Cadillac as it passed by you. A. Well, just that color is the only thing that I can really remember.

"Q. Do you recall how many people or colors you saw in the Cadillac? A. Just the one color is all.

"Q. Let me ask you, do you know how many people were in the front seat of the Cadillac? A. No.

"Q. What color did you see that was driving the Cadillac as it passed you? A. It was a light tan, brown, or whatever you would call that color."

Mr. and Mrs. Cox examined the Cadillac and its contents after the collision. Corder and Pruitt were killed instantly. None of the three men had been removed from the Cadillac. Corder was in the front seat. Pruitt and Perry were in the rear seat. Mrs. Cox saw the clothing of Corder and Perry. She testified the color of the clothing of the person she saw in the front seat after the collision (Corder) was not the same as that of the person whose clothing she saw when the Cadillac passed the Cox car.

Plaintiff contends this is sufficient evidence to take to the jury the question whether Perry was the driver of the Cadillac. This is a challenging question upon which we express no opinion. *Assuming* this is sufficient evidence from which the jury could draw an inference that Perry was the driver, any such permissible inference was nullified and destroyed by the admissions made by Mrs. Cox on cross-examination: that at the time the Cadillac passed she was preoccupied with the safety of herself and her child; that she was not watching and did not look to see who was in the Cadillac; that *she could not see;* that *she could not see anyone,* and that *she could not distinguish color or clothing.* She admitted that at the time the Cadillac passed she did not know whether the people in the Cadillac were men or women; whether they wore hats or not; whether the driver was a man or a woman, large or small. She acknowledged having made a statement six months after the event (11 months prior to the date of trial) that after the Cadillac hit the Cox car she "looked but I sure wasn't watching who was in the car because I was holding the baby and trying

to keep my balance as well as him not getting hurt, and the car swerving around like that, you don't look to see who is in it." She admitted that this question was asked and affirmed that this answer "probably was" given: "Q. Could you describe or give us some idea of the size of the man who was driving the Cadillac, were you able to tell anything about that? A. Well, you just couldn't see." She remembered saying "All you could see was the back of their heads. You couldn't distinguish what color or anything they had on." She would not swear to it then and would not swear to it at the trial where they were seated in the car when she looked, or whether there were three men in the front seat, or two men in the back and one in the front, or vice versa. She admitted that she was concerned about the safety of herself and the protection of her child when the Cadillac "came up back and forth" behind her; that was "the greatest concern" she had "rather than paying any attention to who was in the other car"; only incidentally would she have paid attention to anybody in the Cadillac. "Q. And isn't that really the reason, of course along with the darkness, why you really don't know whether there were men or women driving the car or in the car, because your concern was for the child? A. Well, you can't see anyway. My concern was for the child, but you can't see. Q. And you couldn't see anyone? A. No."

Her testimony that she looked and saw a color and that the color of the clothing of the driver was light tan or brown is diametrically opposed to her testimony that she did not look and could not see or distinguish color or clothing. It is so self-contradictory as to rob it of all evidentiary force and probative value. It relates to a vital question in the case. No jury could rely on this contradictory testimony as the basis for a verdict, without explanation. These facts bring this case within the rule laid down in Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644, l. c. 647, that "Where a party relies on the testimony of a single witness to prove a given issue, and the testimony of such witness is contradictory and conflicting, one version thereof tending to prove the issue, the other tending to disprove it, with no explanation of the contradiction, and no other fact or circumstance in the case tending to show which version of the evidence is true, no case is made, and the jury should not be permitted to speculate or guess which statement of the witness should be accepted. On the other hand, if, in such a case, the conflicting and contradictory statements of the witness are reasonably explained, or if there are other facts and circumstances in the case tending to show which story of the witness is true, and from a fair consideration of all the facts and circumstances in evidence a jury could reasonably determine which statement of the witness should be accepted as true, then the credibility of the witness and the weight to be given to his testimony are questions for the jury."

There was not only a complete failure to explain these inconsistencies and contradictions but also a failure to prove any other facts and circumstances which might have tended to show which of the conflicting statements of Mrs. Cox was true, as a basis for the deliberation of the jury. Plaintiff's witness Mr. Cox, the only other witness who possibly could have testified on the subject, did not know what any of the occupants of the Cadillac, either in the front or back seats, was wearing. He was busy watching the bridge abutment coming up and did not notice the passengers in the Cadillac. Other evidence introduced by plaintiff tends to contradict rather than support or explain Mrs. Cox's testimony on direct examination. Plaintiff's Exhibit 4, a photograph of the Cadillac taken at the scene before the bodies were removed from the car, shows Corder in the front seat of the Cadillac and Pruitt in the rear seat. Plaintiff introduced Robert Browning's deposition that Corder was in the front seat with his legs over towards the driver's side, and that Pruitt and Perry were in the back seat; that the man wearing the tan suede jacket (Perry) was in the back seat. Plain-

tiff admits that the bodies were thus placed when the Cadillac came to rest, and that the testimony of Mrs. Hilligas, operator of a highway cafe located 25 miles from the scene of the collision, established that she saw Corder enter the Cadillac and drive away. (Mrs. Hilligas' testimony was uncontradicted that the three men left her cafe at 7 p. m., some 30 minutes before the collision; that Corder got in the front seat behind the steering wheel; that the other two men got in the back seat, and that Corder was still behind the wheel when they drove off.)

Plaintiff failed to make a submissible case. Defendants' motions for directed verdicts at the close of all the evidence should have been sustained. We need not consider the points raised by appellant. The judgment for defendants is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.