**Richard R. ALLEN and Diana J. Reed Allen, Plaintiffs-Appellants,**

v.

**Stanley W. CURRY, Jr., Defendant-Respondent.**

**No. KCD 29328.**

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

John J. McFadden, Sr., Kansas City, for plaintiffs-appellants.

Thomas G. Kokoruda, George A. Barton, Kansas City (Shughart, Thomson & Kilroy, A Professional Corporation, Kansas City, of counsel), for defendant-respondent.

Before WELBORN, Special Judge, Presiding, PRITCHARD, J., and HIGGINS, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

The question is whether the court erred in its dismissal of plaintiffs' petition for damages for personal injuries on the ground it was barred by the 5-year statute of limitations, § 516.120, RSMo 1969. Affirmed.

On July 21, 1968, plaintiffs were injured when struck by an automobile operated by defendant at the intersection of Bannister Road and James A. Reed Road in Kansas City, Jackson County, Missouri.

On July 13, 1973, plaintiffs filed their petition, and summons was directed to defendant at 9206 Richmond Drive, Kansas City, Missouri. A non est return on the summons was made August 16, 1973.

On February 3, 1976, plaintiffs again directed summons to defendant at 9206 Richmond Drive in Kansas City and also caused alias summons to issue. On February 10, 1976, plaintiffs forwarded the alias summons by letter to Dallas, Texas, for service on "Stan W. Curry * * * on J. J. Pierce [or Pearce] Street in Dallas, Texas." A non

est return was made on the Kansas City service March 3, 1976. On April 1, 1976, alias summons was again caused to issue for service at 1927 J. J. Pierce, Richardson, Texas. Service was accomplished on the alias summons April 19, 1976.

On May 5, 1976, defendant filed answer to plead, among other things, the bar of the statute of limitations; and on October 26, 1976, defendant filed motion to dismiss plaintiffs' petition and alleged that plaintiffs failed to exercise due diligence in effecting service of process and therefore allowed the statute of limitations to run in bar of their petition.

Defendant's answers to plaintiffs' interrogatories gave his residence as of July 21, 1968, as "Room 323, D. K. Martin Hall, Baylor University, Waco, Texas"; and his places of residence thereafter as:

| July 30, 1968 to September 1, 1968 | Olympic Development High Altitude Training Camp, South Lake Tahoe, California |
| --- | --- |
| September 1, 1968 to February 2, 1969 | Room 323, D. K. Martin Hall, Baylor University, Waco, Texas |
| February 2, 1969 to June 1, 1972 | 913 South 8th Street Waco, Texas |
| June 1, 1972 to September 16, 1972 | 5501 Lake Jackson Waco, Texas |
| September 16, 1972 to February 25, 1973 | 11818 Brenton Ct. Apt. 1c Reston, Virginia |
| February 25, 1973 to February 1, 1975 | 5563 Alpha Rd. Apt. 1096 Dallas, Texas |
| February 1, 1975 to present (9/16/76) | 1927 J. J. Pearce Dr. Richardson, Texas |

As of October 15, 1976, Stanley W. Curry, Sr., had resided at 9206 Richmond Drive, Kansas City, Missouri, since 1962. He owned the automobile which, while driven by his son, Stanley W. Curry, Jr., came into collision with plaintiffs. "At the time of said collision my son * * * was a fourth year college student at Baylor University in Waco, Texas and was in the midst of a two week visit at my residence at 9206 Richmond Drive, Kansas City, Missouri. * * *

"On or about July 13, 1973 an attempt was made to deliver a Summons captioned 'Richard R. Allen vs. Stanley W. Curry, Jr., * * * ' to my residence at 9206 Richmond Drive, Kansas City, Missouri. I examined

the Summons at the time * * * and informed the individual making said attempt * * * that Stanley W. Curry, Jr., did not live at 9206 Richmond Drive, Kansas City, Missouri. The individual * * * made no inquiries whatsoever concerning the whereabouts of Stanley W. Curry, Jr."

As of October 15, 1976, Stanley W. Curry, Jr., resided at 1927 J. J. Pierce Drive, Richardson, Texas. At the time of the collision July 21, 1968, "I informed the investigating officer that I was a student in my fourth year of College at Baylor University in Waco, Texas and that I was visiting my parents * * * who resided at 9206 Richmond Drive, Kansas City, Missouri.

"I received notice of the lawsuit * * * for the first time on April 19, 1976.

"Since July 21, 1968, with the exception of * * * September of 1972 to March of 1973 during which period I resided in Reston, Virginia, I have been a resident of the State of Texas and all of my home addresses during such period have been a matter of public record.

"At no time since July 21, 1968 have I had any contact * * * with either of the plaintiffs * * *.

"I have never in any manner attempted to avoid any service of process * * *."

The police department vehicular accident report of July 21, 1968, identified Stanley W. Curry, Jr., born 9–23–47, by address "9206 Richmond Dr. K.C. Mo." attending "School-Baylor U."

The foregoing supports the court's findings and resultant order and judgment of dismissal, viz.:

"Defendant's motion to dismiss plaintiffs' petition is sustained for the reason that the record affirmatively shows that plaintiffs' causes of action accrued July 21, 1968 but that suit was not filed until July 13, 1973, 4 years and 51 weeks thereafter; that summons was issued July 13, 1973 and returned 'non est' August 16, 1973; that plaintiffs did not thereafter cause alias summons to be issued until February 3, 1976, nearly 30 months later; that said alias summons was directed to the same address at which plaintiffs sought service of process on defendant July 13, 1973 and that said alias summons was likewise returned 'non est' March 3, 1976; that plaintiffs thereafter caused second alias summons to be issued April 1, 1976 which was served upon defendant April 26, 1976. The filing of a petition and issuance of summons is but a conditional halting of the applicable statute of limitations and unless a plaintiff thereafter exercises due diligence in obtaining service of process the statute continues to run. *Wooliver v. Schopp,* 509 S.W.2d 216 (Mo.App. 1974), and cases cited therein. [See also *Votaw v. Schmittgens,* 538 S.W.2d 884 (Mo. App.1976).] The Court finds that by permitting their petition and causes of action to be dormant between August 16, 1973 and February 3, 1976, plaintiffs have failed to prosecute their claims without reasonable delay and concludes that therein claims are now barred by Section 516.120, R.S.Mo 1969, V.A.M.S."

The court's findings and judgment are to be sustained unless there is no substantial evidence in support, unless against the weight of the evidence, unless erroneous in declaration or application of the law. Rule 73.01.3, as construed *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellants' effort to demonstrate error in the court's findings is limited to emphasis of statements and inferences of counsel relative tolling of the statute by temporary absence from residence and exercise of diligence in location of defendant. Such statements are not sufficient to meet appellants' burden. *John Hancock Mutual Life Ins. Co. v. Dawson,* 278 S.W.2d 57 (Mo.App.1955); *Davis v. Long,* 521 S.W.2d 7 (Mo.App.1975); *Anderson v. Biscoe,* 201 S.W.2d 432 (Mo.App.1947).

Judgment affirmed. All concur.