**James R. MULLEN, Plaintiff-Appellant,**

**v.**

**Paul PARKE, Carl G. Allison, David Orem and R. E. Beebe, Defendants-Respondents.**

**No. KCD 29422.**

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

Robert B. Zeldin, DeWitt & Zeldin, Kansas City, for plaintiff-appellant.

Clyde G. Meise, Meise, Cope & Coen, Kansas City, for defendants-respondents.

Before WELBORN, Special Judge, Presiding, and PRITCHARD, J., and HIGGINS, Special Judge.

ROBERT R. WELBORN, Special Judge.

Action for damages for wrongful attachment. Trial court sustained defendants' motion for directed verdict at close of plaintiff's case. Plaintiff appeals.

When James R. Mullen failed to pay Paul Parke, Carl G. Allison, David Orem and R. E. Beebe, doing business as Grandview Alignment and Brake Service, $464.15 for repairs they claim to have made on a 1967 Chrysler, Parke, et al., brought suit against

Mullen in the Jackson County Magistrate Court for the amount claimed. The plaintiffs obtained a writ of attachment in support of their action and levied and took possession of the 1967 Chrysler in April, 1971. In September, 1971, Mullen posted a bond for release of the vehicle.

On June 14, 1971, judgment was rendered in the magistrate court in favor of plaintiffs for $449.50. Defendant appealed to the circuit court which, on August 17, 1973, rendered judgment dissolving the attachment and finding the issues in favor of defendant Mullen on plaintiffs' claim.

Mullen filed the present action in the Jackson County Circuit Court, alleging that the affidavit in support of the attachment was false and that no legal ground existed for a writ of attachment which was wrongfully and maliciously sued out. Mullen sought $25,000 actual damages and $50,000 punitive damages.

At trial, Mullen was the sole witness in his own behalf. At the conclusion of his testimony, defendants moved for a directed verdict for the reason that plaintiff had failed to prove ownership of the vehicle which was attached. Defendants' argument in support of the motion was based upon *Schwarz v. Gage*, 417 S.W.2d 33 (Mo. App.1967), which, they argued, held that ownership of a motor vehicle could be proved only by the certificate of title issued by the state. No such evidence had been presented by plaintiff. The court concluded that " * * * there was a failure of proof, namely, the failure to prove titled ownership in this plaintiff * * * " and sustained the motion for directed verdict. Plaintiff's motion for new trial was overruled and he appealed.

■ The trial court was clearly in error in concluding that ownership of the vehicle could be shown only by production of the certificate of title. In the case of *State v. Wahlers*, 56 S.W.2d 26 (Mo.1932), the court in a prosecution for driving an automobile without the consent of the owner was confronted with the contention that ownership of the vehicle was not proved by records of the state motor vehicle registration department. The court's response was: "C. E. Bodine testified that the Master Six Buick in question was his property. This evidence was sufficient to establish the fact of ownership." This holding has been repeated frequently. See *State v. Curry*, 473 S.W.2d 747 (Mo.1971); *State v. Colton*, 529 S.W.2d 919, 923[8] (Mo.App.1975).

■ The respondents do not attempt to sustain the trial court's ruling on the basis announced by him. They do contend that, in any event, there was no evidence of appellant's ownership of the vehicle.

In this case, Mullen did not state directly that he was the owner of the vehicle. He did state that he was in the office machine business and that he transported machines in "my station wagon," which he described as a 1967 Chrysler which he ordered "special with posi-traction and I put air shocks on it." He also testified that he did not have the vehicle at the time of the trial because he "sold it" to his mechanic. Plaintiff also introduced in evidence the court file in the action against Mullen wherein plaintiffs alleged that plaintiffs entered into a contract with defendant Mullen "to repair a 1965 Chrysler, the property of the defendant, * * *." (This allegation was called to the trial court's attention in the present case. No contention was made by defendants' counsel based upon the discrepancy between the allegation of a "1965 Chrysler" and the evidence which dealt with a 1967 Chrysler. On oral argument of this case, counsel for respondents acknowledged that the 1965 reference was in error.)

■ In reviewing the trial court's action, this court must give appellant the most favorable view of all of the evidence, together with the benefit of all favorable inferences to be drawn therefrom. *Boyle v. Colonial Life Ins. Co. of America*, 525 S.W.2d 811, 815[6] (Mo.App.1975). Viewing the evidence in this light, the court concludes that the testimony of Mullen was sufficient to establish his ownership of the vehicle for purpose of this action.

The basis of the trial court's ruling having been erroneous and there having been

evidence adequate to establish Mullen's ownership of the vehicle, the judgment is reversed and the cause remanded for re-trial.

Reversed and remanded.

All concur.