Ransom BROWN, Appellant,

v.

Ray MEYER et al., Respondents.

No. 39814.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 21, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 13, 1979.

David S. Fischer, St. Louis, for appellant.

Robert M. Paskal, Clayton, for respondents.

CLEMENS, Judge.

Plaintiff has appealed the trial court's order setting aside his $100,000 verdict and entering judgment for defendants. Plaintiff sued defendants for conversion of his allegedly exclusive newspaper distribution area. Defendants moved for directed verdict at the end of plaintiff's case and again at the close of the evidence, and thereafter filed an after-trial motion to enter judgment for them notwithstanding the verdict, contending plaintiff failed to produce sufficient evidence to warrant a verdict. The trial court sustained the motion and entered judgment for defendants. The issue before us is whether plaintiff made a submissible case. We say no.

■ A case should be submitted to a jury only if "each and every fact essential to liability is predicated upon legal and substantial evidence." *Probst v. Seyer,* 353 S.W.2d 798[2] (Mo.1962). "Substantial evidence" is that which has probative force upon the issues and from which the jury can reasonably decide the case on the fact issues. *Zeigenbein v. Thornberry,* 401 S.W.2d 389[4] (Mo.1966). In determining submissibility we consider all the evidence and reasonable inferences therefrom in the light most favorable to the plaintiff. *Smith v. Allied Supermarkets, Inc.,* 524 S.W.2d 848[2] (Mo. banc 1975). Defendant's evidence contradictory or unfavorable to plaintiff's contentions must be disregarded. *Bateman v. Rosenberg,* 524 S.W.2d 753[1] (Mo.App.1975).

■ Here, plaintiff had the burden of proving three elements by substantial evidence: (1) He had a right to immediate possession of a newspaper branch which included Laclede Town and Blumeyer area; (2) defendants wrongfully took plaintiff's newspaper branch in defiance of his ownership or right of possession; and (3) plaintiff was damaged as a direct result of the alleged conversion. See *Jordan v. Ebert,* 387 S.W.2d 255[1] (Mo.App.1965).

■ A plaintiff charging conversion must show either ownership or the right to immediate possession at the time of the alleged conversion. *Brede Decorating, Inc. v. Jefferson Bank & Trust Co.,* 345 S.W.2d 156[8, 9] (Mo.1961); *Jackson v. Rothschild,* 99 S.W.2d 859[2–7] (Mo.App.1936). We conclude, as explained hereafter, that plaintiff's evidence failed to meet the primary element of the right to possession.

From 1966 to 1974 plaintiff and the two defendants were adjoining newspaper branchmen.[1] Defendant Meyer admits he sold newspapers in the Blumeyer area and defendant Balk admits he did so in the Laclede Town area. The real dispute concerns the boundaries of each parties' branch. Defendant Meyer claims that most of Blumeyer was within his branch and defendant Balk claims Laclede Town was

---

1. According to the evidence here a branch man is a person who has the exclusive right to distribute newspapers within a bounded area.

within his, while plaintiff maintains both areas were within his branch.

On the first element of conversion, right to possession, plaintiff contends he met his burden by introducing three items of evidence. First, plaintiff relies on his own testimony that he bought a newspaper branch from the estate of James Jackson, which included within its boundaries the Blumeyer housing project and Laclede Town. Plaintiff testified his knowledge of the boundaries stemmed from managing the branch for the former owner, James Jackson. Plaintiff relies on the testimony of Fred J. Petty, Jackson's executor, who testified he sold Jackson's newspaper branch to plaintiff. Finally, plaintiff points to his Exhibit I, a bill of sale for a newspaper branch from Petty to plaintiff which included within its boundaries both the Blumeyer area and Laclede Town.

■ We cannot say, as a matter of law, that these three items of evidence constitute "substantial" proof of plaintiff's ownership. The rule is that "[a] submissible case is dependent upon proof of facts. Mere conclusions do not satisfy that standard . . . ." *Madison v. Dodson,* 412 S.W.2d 552[6] (Mo.App.1967). Plaintiff's testimony that the Blumeyer and Laclede Town areas were within his branch is merely a self-serving "conclusion" and is not substantial evidence. Plaintiff also misplaces reliance on the testimony of Fred J. Petty, whose testimony establishes that plaintiff only bought a newspaper branch; he did not testify as to the boundaries. Plaintiff's Exhibit I fails to meet the substantial evidence standard because, as defendants point out, Petty acknowledged that when he wrote the boundaries on the bill of sale he had no personal knowledge of what they were and had relied solely on plaintiff's assertions. We hold Exhibit I therefore to be the same as plaintiff's own assertions—as self-serving conclusions, not facts. Compare *Madison,* supra.

■ In reviewing the evidence concerning the boundaries of the area in question we point to two other exhibits introduced by plaintiff. Plaintiff introduced as Exhibit 3 a bill of sale for a newspaper branch from Robert Murphy to James P. Jackson, plaintiff's predecessor, without showing the nature of Murphy's ownership, which included within its boundaries the Blumeyer area. However, plaintiff also introduced Exhibit 4, a bill of sale from Norman Mathis to defendant Ray Meyers, which included within its boundaries part of the Blumeyer area. The contradictory nature of these exhibits, both introduced by plaintiff, without any other evidence to support plaintiff's contention that the Blumeyer area was within his territory, is not substantial evidence. See *Corder v. Pruitt,* 361 S.W.2d 659 (Mo.1962), and *Madison,* supra, at [5].

■ Plaintiff's case was not strengthened by the testimony of his witness James Holmes, the Globe-Democrat's circulation manager. We relate that testimony as it concerns plaintiff's contention of ownership of distribution rights in the two areas. On direct examination Mr. Holmes, without describing the extent of plaintiff's claimed territory, testified that "exclusive" territories with specific boundaries have existed for over a hundred years; that when an area changes hands the new owner must be approved by the newspaper; that the areas of the Post-Dispatch follow those of the Globe-Democrat. On cross examination Mr. Holmes testified the newspaper could cancel a dealer's area in case of poor service, inadequate sales or non-payment of his account and that plaintiff's area was cancelled for non-payment. Mr. Holmes, speaking of the areas claimed by plaintiff by virtue of having purchased them from his predecessor, said that plaintiff's claimed territory included neither the Blumeyer nor the Laclede Town territory; that the former had been acquired from a previous dealer by defendant Ray Meyers, and the latter had been acquired from a previous dealer by defendant Mr. Balk; that plaintiff's predecessor, James Jackson, was an aggressive dealer, a "poacher" who went outside his own area to sell papers; that neither Mr. Jackson nor plaintiff had ever had the exclusive right to sell the Globe-Democrat in either the Blumeyer or Laclede Town areas.

Plaintiff's case must be based on more than speculation, guesswork or conjecture. *Probst,* supra, [1–3]. *Tri-Continental Leasing Co. v. Neidhardt,* 540 S.W.2d 210[1] (Mo.App.1976). It was not.

Since we hold plaintiff failed to present substantial evidence of his ownership or right to possession, which was the primary element of conversion, we hold he failed to make a case, and we uphold the trial court's action in entering judgment for defendants. We find no need to review the evidence on the other challenged elements of conversion.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.