**Clifford R. SMITH, Respondent,**

v.

**Linda K. SECRIST, Appellant.**

**No. 40552.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 1979.

Jay G. Newquist, Crestwood, W. Munro Roberts, Jr., St. Louis, for appellant.

Harry Ritchey, St. Ann, James P. Holloran and Prudence W. Kramer, St. Louis, John G. Doyen, Clayton, for respondent.

REINHARD, Presiding Judge.

Plaintiff initially filed this lawsuit against defendants Wise, Rodgers, and Secrist to recover money damages for injuries he suffered in an automobile accident which occurred on December 3, 1973. Plaintiff dismissed his action against defendants Wise and Rodgers without prejudice. The jury returned a verdict in plaintiff's favor and against Secrist in the amount of $50,-000. Secrist appeals from that judgment.

The accident occurred on I–70 just east of the Cyprus Road entrance ramp. At that point, I–70 is a four-lane east-west highway, with two east-bound lanes and two west-bound lanes. The four lanes of the highway are separated by a grass median 25–30 feet wide. Because rain had been falling before and at the time of the accident, the highway was quite wet on December 3, 1973.

On the night of the accident, plaintiff operated his automobile in the right hand lane of east I–70 at 40–45 miles per hour. Defendants Wise and Rodgers also operated their vehicles in the right lane of east I–70; Wise being directly in front of and Rodgers being directly behind plaintiff.

Plaintiff testified that the distance between his automobile and Wise's was approximately 6–7 car lengths. Rodgers estimated that he followed plaintiff at a distance of 5–6 car lengths. Rodgers and Wise testified that Secrist was moving in an easterly direction in the lane nearest the median. According to plaintiff, Secrist's speed was 60–65 miles per hour. Wise's speed was approximately 45 miles per hour and she indicated Secrist was traveling 10–15 miles per hour faster than her own. Secrist placed her speed at approximately 40–50 miles per hour. The speed limit for that stretch of I–70 was 55 miles per hour.

Secrist had passed Rodgers, Smith and Wise and had begun moving from the median lane into the right lane when her auto began to "fishtail" and she lost control. The auto traversed the grass median which separated the east-bound and west-bound lanes and proceeded into oncoming traffic in the west-bound lanes of the highway. Secrist attributes her loss of control to a blowout of her left rear tire, but Officer Hicks did not mention this fact in the police report, nor did he remember Secrist making such a statement at the scene.

Seeing the Secrist auto "fishtail", Wise hit her brakes to slacken the speed of her auto. Plaintiff testified that although he braked the moment he saw Wise's brake lights, he was unable to avoid the collision with the rear of Wise's car. According to plaintiff and Wise, Rodgers collided with the rear of plaintiff's vehicle almost instantly after the collision between plaintiff and Wise. The collision between Rodgers and plaintiff caused plaintiff's car to strike Wise's a second time.

As her first point, defendant contends that her negligence was not the true proximate cause of plaintiff's injuries. She argues that the negligent acts or omissions of

Rodgers constituted an intervening cause that interrupted the chain of events so as to become the responsible direct and proximate cause of plaintiff's injuries. Therefore, argues defendant, the court should have directed a verdict in her favor.

As noted in *Dickerson v. St. Louis Public Service Co.*, 365 Mo. 738, 745, 286 S.W.2d 820, 824 (Banc 1959), questions of proximate cause and efficient, intervening cause are inseparably interwoven with each case turning on its own individual facts. Missouri cases have defined an efficient, intervening cause as a new and independent force which so interrupts the chain of events as to become the responsible, direct, proximate and immediate cause of the injury. *Id.* at 745, 286 S.W.2d at 824; *Strake v. R. J. Reynolds Tobacco Co.*, 539 S.W.2d 715, 718 (Mo.App.1976). The general principles which apply to the issue raised in this point are set forth in the oft cited case of *Floyd v. St. Louis Public Service Co.*, 280 S.W.2d 74, 78 (Mo.1955):

Generally, it is sufficient to constitute proximate cause that the negligence charged was the efficient cause which set in motion the chain of circumstances leading up to the injury. The test is not whether a reasonably prudent person would have foreseen the particular injury but whether, after the occurrences, the injury appears to be the reasonable and probable consequences of the act or omission of the defendant. The negligence of the defendant need not be the sole cause of the injury. It is sufficient that it be one of the efficient causes thereof, without which the injury would not have resulted. A party is held liable if his negligence, combined with the negligence of others, results in injury to another.

Here, the evidence showed that defendant operated her vehicle at an excessive speed. This caused her vehicle to "fishtail" and forced the autos behind her to immediately brake and collide with one another. A jury could reasonably infer that if Secrist had not been speeding, the accident would not have occurred. Speeding, under the facts presented here, could be found to constitute the efficient cause which set in motion the chain of circumstances leading up to plaintiff's injury. A jury could also find that the action of Rodgers was foreseeable by the defendant. We cannot say as a matter of law that the acts of Rodgers constituted a new and independent force sufficient to break the chain of events created by defendant's negligence.

Defendant next contends that the following testimony by plaintiff constitutes a judicial admission that the second impact caused his injuries:

Q. Mr. Smith, how do you know which impact caused your injury, the first impact or second, how do you know?

A. Because if the second impact hadn't hit me, I think we could have both drove our cars away and wouldn't have been no injuries whatever.

Q. Do you know?

A. Nobody could know for sure, unless the second impact didn't happen.

Taken in its entirety, this testimony does not constitute a judicial admission. Regardless of the first impact between Wise and plaintiff, Rodgers' inability to stop his vehicle before it collided with plaintiff's created an issue of fact as to intervening cause requiring a jury determination. This second impact was part of the chain of circumstances created by defendant's negligence.

Finally, defendant asserts that the court erred in not directing a verdict in her favor because the evidence established plaintiff's contributory negligence as a matter of law.

Plaintiff testified that he was traveling 45 miles per hour and that he was following the Wise vehicle at a distance ranging from 50 feet to 6–7 car lengths. Defendant argues that this testimony was sufficient to indict plaintiff of contributory negligence as a matter of law. She claims that at 45 miles per hour plaintiff traveled 66 feet per second. She reasons, using the normal reaction time of three-quarters of a second, that plaintiff would have traveled almost 50

**390**

feet before his brakes could take effect. She concludes then, that plaintiff could not have avoided the accident even with immediate action on his part.

Plaintiff's testimony as to the distance between his vehicle and the one in front of him was conflicting. At one point he said 50 feet, but later he said the distance was about 6 or 7 car lengths. He believed that a car length was about twenty feet. He also testified that the distance between his vehicle and Wise's was constant prior to the time he braked and that he "should have been able to stop within fifty or sixty feet."

"The burden of proving contributory negligence was upon defendants unless plaintiffs' evidence established it as a matter of law. The issue of contributory negligence is one of fact for the jury unless reasonable minds could draw only the conclusion that plaintiff was negligent." *Mitchell v. Buchheit,* 559 S.W.2d 528, 530 (Mo.banc 1977). Defendant relies solely on plaintiff's estimates as to speed and distances to support his claim that plaintiff was contributorily negligent as a matter of law. We have held that a plaintiff is not conclusively bound by his testimony as to mere estimates of time, speed and distances. *Vaccaro v. Moss,* 410 S.W.2d 329, 331 (Mo.App. 1966). Thus, while there was evidence that plaintiff was contributorily negligent in following Wise's auto too closely, we are not persuaded that the evidence established his contributory negligence as a matter of law. The issue was properly submitted to the jury.

Judgment affirmed.

GUNN and CRIST, JJ., concur.