**Delois ATKINSON, Plaintiff,**

v.

**BE-MAC TRANSPORT, INC., a corporation, and Union Electric Company, Defendants.**

**No. 40533.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 15, 1980.

Donald S. Singer, Clayton, for plaintiff.

Jeffery L. Cramer, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for Be-Mac Transport, Inc.

Carter, Brinker, Doyen & Kovacs; Daniel E. Wilke, Clayton, for Union Elec. Co.

GUNN, Presiding Judge.

This automobile accident damage suit action has alternately simmered, boiled and

cooled in the legal caldron for over eleven years. And this appeal, unfortunately, does not bring this jaded bit of litigation to its much needed rest. Plaintiff-appellant Delois Atkinson filed suit against defendants-respondents Be-Mac Transport, Inc. and Union Electric Company for injuries suffered in an automobile accident on September 23, 1968. The trial court granted Be-Mac's motion to dismiss for plaintiff's failure to exercise due diligence in obtaining service of process thereby barring her claim by reason of the statute of limitations. The trial court also sustained Union Electric's motion for directed verdict based on plaintiff's failure to make a submissible case. On appeal plaintiff contends that the trial court erred in granting the two motions. We affirm as to Be-Mac and reverse as to Union Electric.

We first consider plaintiff's action against Be-Mac and the statute of limitations issue.

The automobile accident involving plaintiff and Be-Mac and other parties occurred on September 23, 1968. Plaintiff filed suit against Be-Mac on January 3, 1972. The suit was dismissed on June 5, 1973, for failure to prosecute. On May 31, 1974, plaintiff refiled her suit against Be-Mac, five days within the one year saving provision of § 516.230, RSMo 1969.[1] The sheriff filed a non-est return as to Be-Mac on June 3, 1974. An alias summons was not requested until November 19, 1974, and it was served on November 22, 1974. Be-Mac moved to dismiss plaintiff's second petition on the ground that the delay between the sheriff's non-est return and request for alias summons constituted a lack of due diligence in obtaining service of process; that plaintiff's claim was thereby barred by the statute of limitations. The trial court granted Be-Mac's motion to dismiss, and we affirm that action.

The filing of a petition within the one year's saving grace of § 516.230 conditionally halts the statute of limitations. The plaintiff is then obligated to exercise due diligence in obtaining service of process. Failure to do so causes the limitations statute to speed on its way. *Want v. Leve*, 574 S.W.2d 700 (Mo.App.1978); *Allen v. Curry*, 568 S.W.2d 582 (Mo.App.1978). The question of whether due diligence has been exerted is to be decided on a case by case basis, with the outcome of one not factually determinative of any other. *Votaw v. Schmittgens*, 538 S.W.2d 884 (Mo.App.1976).

On appeal, unless we find that the trial court's findings are against the weight of the evidence, we must give deference to its finding of lack of due diligence. *Blanks v. Cantwell*, 578 S.W.2d 349 (Mo.App.1979); *Allen v. Curry*, 568 S.W.2d at 584. Under the circumstances of this particular case, we cannot hold that the trial court's ruling is against the weight of the evidence.

It is true, as plaintiff argues, that the five month delay between the sheriff's non-est return and her request for alias summons is a shorter time period than in other cases. *See, e. g., Votaw v. Schmittgens*, 538 S.W.2d at 886–887. In *Votaw* the court held that a seven month delay between a non-est return and a request for alias summons was not fatal. However, "[d]elay is only one factor to be considered in determining due diligence." *Votaw*, 538 S.W.2d at 888 (concur, Simeone, J.). The five month delay in this case when considered in relation with other factors supports the trial court's finding of lack of due diligence.

Plaintiff's counsel's primary excuse for the delay in requesting an alias summons was that he was under a misconception that process had been served on Be-Mac. However, only a glance at the court records would have dispelled that misconception. The trial court properly rejected plaintiff's offer of proof as to alleged telephone conversations with the sheriff's of-

1. § 516.230, RSMo 1969, provides in pertinent part:

> If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered . . . .

fice and the office of Be-Mac's counsel as an attempt to impeach the non-est return. The sheriff's return is a court record which cannot be contradicted or impeached by parol evidence. *State ex rel. Frazier v. Green*, 143 S.W.2d 64 (Mo.App.1940). *See also: Germanese v. Champlin*, 540 S.W.2d 109 (Mo.App.1976). Plaintiff's counsel's failure to review the court records is evidence of lack of due diligence, which becomes especially strong when considered in relation to the history of the litigation between the two parties. The accident spawning this case occurred over eleven years ago. Plaintiff's first suit against Be-Mac was dismissed over six years ago for failure to prosecute. Although plaintiff timely filed the present petition within the one year savings provision of § 516.230, she was strictly obligated to insure prompt service of process on Be-Mac. This could have been done by a simple review of the court file. Failure to do so and the resulting five month delay in obtaining service of process is sufficient evidence to support the trial court's finding of lack of due diligence.

The second issue for our consideration concerns the trial court's granting of Union Electric's motion for a directed verdict for the reason that plaintiff failed to make a submissible case of actionable negligence. To present a submissible case, a plaintiff must produce substantial evidence as to each fact necessary to establish liability. *Brown v. Meyer*, 580 S.W.2d 533 (Mo. App.1979). In determining whether plaintiff has met her burden, we review the evidence and all reasonable inferences in the light most favorable to her. *Hawkins v. W. Whittenberg*, 587 S.W.2d 358 (Mo. App.1979); *Mullen v. Parke*, 568 S.W.2d 590 (Mo.App.1978). In so doing, we hold that plaintiff established a submissible case of negligence, although scarcely overwhelmingly so. But in this case we cannot substitute our judgment on the facts for that of a jury.

The accident occurred on a westbound traffic lane of Interstate–70 near Jennings Station Road. At that point, I–70 has three westbound traffic lanes, a ramp lane, serving as both an exit ramp off of Goodfellow and an entrance ramp to Jennings Station Road, and a shoulder. Plaintiff was operating her automobile in the right westbound lane of I–70 at 30 to 35 miles an hour as an auto driven by Willie Gayles was exiting off the Goodfellow ramp to enter onto I–70. Plaintiff slowed to let Mr. Gayles enter her lane of traffic. She was then one to two car lengths behind the Gayles' auto. A Be-Mac Transport, Inc. truck was travelling between 50 to 55 miles per hour in the middle westbound lane behind plaintiff. Two Union Electric trucks were parked on the shoulder of the road.

Willie Gayles testified that after he entered the right westbound traffic lane in front of plaintiff, he observed one of the two Union Electric trucks which had been working on the shoulder of the road back crosswise into his lane of traffic, approximately a car length or two in front of his auto. He observed no flashing lights or warning signals on the truck as it backed up. Upon seeing the Union Electric truck back into his lane of traffic, Mr. Gayles slammed on his brakes and swerved to the left causing plaintiff to collide with his auto damaging its left rear side and the right passenger side of plaintiff's auto. The Be-Mac truck struck plaintiff's auto from the rear. The Union Electric truck was not hit. Witnesses located the Union Electric truck as being parked on the shoulder of the road after the collision.

Ms. Roberts, a passenger in the Gayles' vehicle, also testified that after Gayles entered the right westbound traffic lane, she observed a Union Electric truck "back off of the ramp over to our [Gayles'] lane . . . constantly coming toward us." Plaintiff testified that she observed a Union Electric truck back onto the westbound traffic lane, "slightly" ahead of the Gayles' vehicle.

In support of the trial court's ruling Union Electric contends that plaintiff failed to make a submissible case of negligence in that she offered no substantial evidence of a causal connection between its truck and the accident. Specifically, Union Electric argues that there was no substantial evi-

dence that its truck backed into the Gayles' lane of traffic and no substantial evidence as to the distance between the truck and Gayles' vehicle. We are constrained to disagree.

As to the location of its truck at the time of the accident, Union Electric acknowledges that Mr. Gayles testified on direct examination that the truck was backing into his lane in a crosswise manner; that Ms. Roberts testified that the Union Electric truck was backing into Gayles' lane; and that plaintiff observed the truck as it was backing into the right westbound traffic lane. However, Union Electric contends, as did the defendant in *Caswell v. St. Louis Public Service Co.*, 262 S.W.2d 40, 45 (Mo.1953), that the "testimony of plaintiff and her witnesses is so fraught with uncertainty, conjecture, guesswork and contradiction" that it fails to establish a submissible case of negligence. Union Electric first points to Mr. Gayles' testimony during cross-examination locating the truck on the shoulder of the road at the time at which he stated on direct examination that the truck was backing into his lane. It then refers to Ms. Roberts' testimony during cross-examination that the truck was backing on the shoulder of the road. Finally, it notes that plaintiff's testimony was impeached by her statement in a 1972 deposition that the truck never left the shoulder of the road. However, as stated in *Caswell*, and equally applicable to this case, "[i]t is true that the testimony of plaintiff and her witnesses was somewhat discredited on cross-examination, and to some extent contrary to prior statements (and, in the instance of plaintiff, a deposition). But its probative value and weight, unless so uncertain and contradictory as to render it entirely valueless, was for the jury." *Id.* at 45. We cannot hold as a matter of law that plaintiff's evidence was so contradictory to be of no probative value—although we do observe that there were many contradictions. Her trial testimony that the Union Electric truck backed into Gayles' lane of traffic was not nullified by her prior inconsistent statement in the 1972 deposition. *Welch v. Hyatt*, 578 S.W.2d 905 (Mo. banc 1979), is felicitious in this regard. The contradiction between plaintiff's in-court testimony and her deposition was a matter for the jury to assess. *Id.* Therefore, plaintiff's testimony, as well as that of Mr. Gayles and Mrs. Roberts, was substantial evidence that Union Electric's truck backed into Gayles' line of traffic. *See: Le Neve v. Rankin*, 341 S.W.2d 358 (Mo.App.1960).

Union Electric also argues that even if there was substantial evidence that its truck backed into Gayles' traffic lane, plaintiff offered no substantial evidence as to distance between the truck and Gayles' vehicle. Union Electric acknowledges that Mr. Gayles testified that the truck was one to two car lengths ahead of his auto when he slammed on his brakes; that Mrs. Roberts testified that the truck was moving inexorably toward the Gayles' vehicle; and that plaintiff testified that the truck was "slightly ahead" of the Gayles' auto.

Union Electric argues that Mr. Gayles' testimony that its truck was one to two car lengths ahead of his vehicle is contrary to physical facts and thus of no value. It reasons that an automobile travelling between 30 to 35 miles an hour could not stop within one to two car lengths. However, it has long been the rule that a plaintiff is not bound by his or his witnesses' testimony as to an estimate of time, speed or distance, even if it is the only evidence. *Vaeth v. Gegg*, 486 S.W.2d 625 (Mo.1972); *Meier v. Moreland*, 406 S.W.2d 97 (Mo.1966); *Smith v. Secrist*, 590 S.W.2d 386 (Mo.App. 1979); *State v. Roessel*, 574 S.W.2d 944 (Mo.App.1978). The court in *Vaeth* stated:

> [I]t has been held that the "physical facts" rule has no application where variable or doubtful estimates are made with respect to the facts. . . . Parties are not held as closely to their estimates of speed, distance, or time in emergency situations. . . . Likewise, the jury has the right to believe a plaintiff [or his witness] is "wrong" or "confused" where there is inconsistent testimony. . . .
>
> [T]o the extent there were any inconsistencies in . . . testimony by . . estimates of speed or distances in this emergency situation, they were for the jury. *Vaeth*, 486 S.W.2d at 628–629.

Perhaps the placement of the Union Electric truck "slightly" ahead of Gayles' auto as it left the shoulder in the westbound lane of traffic would not suffice as substantial evidence of distance between the two vehicles causing Gayles' drastic swerving action. But with the aid of Gayles' testimony that there were only one to two car lengths separating him from the truck as it entered the highway—that it "was right out in front of me"—there was substantial evidence as to the proximity between the vehicles and the need for Gayles' swerving action. *See: Gottlieb v. Szajnfeld,* 550 S.W.2d 936 (Mo.App.1977), (distance calculated as being "very close" and reaction "almost simultaneously"); *Skelton v. General Candy Co.,* 539 S.W.2d 605 (Mo.App. 1976), (distance estimated at "a few steps").

Union Electric relies on *Ochs v. Wilson,* 427 S.W.2d 748 (Mo.App.1968), and *Stonefield v. Flynn,* 347 S.W.2d 472 (Mo.App. 1961). In both cases, the court applied the physical facts rule to estimates of speed and distance to establish that the testimony of a witness was so manifestly impossible as to strip it of any probative value. But in this case the jury had the testimony of Ms. Roberts and the plaintiff giving credence to Gayles' testimony regarding the facts as they occurred—that an oncoming Union Electric truck was backing into Gayles' lane of traffic as he was in close proximity to it as he entered onto I–70.

Plaintiff, in response to Union Electric's contrary argument, asserts that there was substantial evidence that she suffered injuries as a result of the accident. We must agree. The opinion testimony of plaintiff's medical expert on direct examination that plaintiff suffered a herniated disc, a frozen right shoulder and a concussion and a contusion of the brain as a result of the accident is substantial evidence of injury. *Dolan v. D. A. Lubricant Co.,* 416 S.W.2d 40 (Mo.App.1967). Any inconsistencies or weakness in the physician's testimony developed during cross-examination—and there were some—were for "the jury and are not for this court to weigh, balance [or] harmonize." *Breland v. Gulf, Mobile, and Ohio R. Co.,* 325 S.W.2d 9, 15 (Mo.1959).

Finally, we find that the trial court erred in granting a directed verdict on the ground that plaintiff was contributorily negligent as a matter of law. "The burden of proving contributory negligence was upon [the] defendan[t] unless plaintiff['s] evidence established it as a matter of law. The issue of contributory negligence is one of fact for the jury unless reasonable minds could draw only the conclusion that plaintiff was negligent." *Smith v. Secrist,* 590 S.W.2d 386 (Mo.App.E.D.1979), quoting from *Mitchell v. Buchheit,* 559 S.W.2d 528, 530 (Mo. banc 1977). To support its claim of contributory negligence, Union Electric necessarily relies on plaintiff's estimates of speed and distance, as was done in *Smith v. Secrist.* We believe plaintiff's evidence failed to establish contributory negligence as a matter of law. *Smith v. Secrist.* We therefore reverse the trial court's action in granting Union Electric's motion for directed verdict and remand for further proceedings.

Affirmed in part; reversed and remanded in part.

STEPHAN and PUDLOWSKI, JJ., concur.