**STATE of Missouri, at the Relation, and to the Use of BLACKBURN MOTOR COMPANY, a Corporation, Plaintiff-Appellant,**

v.

**Orion J. LITZINGER, and The Travelers' Indemnity Company, a Corporation, Defendants-Respondents.**

No. 32728.

St. Louis Court of Appeals.

Missouri.

May 16, 1967.

Motion for Rehearing, or, to Transfer to Supreme Court Denied June 14, 1967.

W. W. Sleater, Suelthaus & Krueger, St. Louis, for plaintiff-appellant.

Lovell W. George, St. Louis, Joseph B. Moore, County Counselor, Ernest L. Keathley, Jr., Asst. County Counselor, Clayton, for defendants-respondents.

DOERNER, Commissioner.

This is an action against the sheriff of St. Louis County and the surety on his official bond to recover damages of $5,500. Defendants' individual motions to dismiss plaintiff's petition were sustained, but although the court's order recited that such dismissal was without prejudice plaintiff chose to appeal, as sanctioned by Hasemeier v. Smith, Mo., 361 S.W.2d 697. The Supreme Court, to which the appeal was taken, ruled that it did not have jurisdiction because of the amount involved and transferred the cause to this court.

The present action arose out of an attachment suit instituted by plaintiff in the Circuit Court of St. Louis County against the Benjamin Motor Company, a non-resident corporation, on November 7, 1958. In aid of said attachment a writ of garnishment was issued and one of defendant Litzinger's deputies attempted to serve the writ of attachment and the notice of garnishment on the Ford Motor Company. In his return, dated December 16, 1958, he stated that he had executed the writ by serving the secretary to Ford's plant controller. Ford moved to quash the attachment on the ground that the service had not been made on an officer of the Company designated in Section 525.050, RSMo 1959, V.A.M.S., which motion the court sustained. On plaintiff's appeal we upheld that ruling, Blackburn Motor Company v. Benjamin Motor Company, Mo.App., 340 S.W.2d 155. Thereafter, on March 14, 1961, plaintiff filed his first suit against the defendant sheriff and the surety on his bond, which was terminated when plaintiff took a voluntary nonsuit without prejudice on May 25, 1964. This present or second suit was begun by the filing of plaintiff's petition on January 18, 1965.

In its order sustaining the defendants' motions to dismiss the trial court did not specify the grounds upon which it based its ruling. Preliminarily, for the purposes of focusing upon the issues presented, it should be said that both defendants pleaded the three year statute of limitations, § 516.130, RSMo 1959, V.A.M.S., as a bar to the maintenance of the present suit and on the authority of Palmer v. Crane, 8 Mo. 619 and 9 Mo. 269, defendants maintain that the period of limitations began to run on December 16, 1958, when the return was filed in the garnishment proceedings. Neither agreeing or disagreeing to that date as effective, plaintiff points out that its first action was begun on March 14, 1961, well within such three year period, that its present or second action was filed within one year from the termination of the first, and that the running of the statute was therefore arrested by the savings provision of § 516.230. That section provides, in effect, that if a plaintiff commences an action within the applicable period of limitations and suffers a nonsuit he may commence a new action within one year after such nonsuit was suffered. Both plaintiff and the defendants agree that the savings provision of § 516.230 applies only when the cause of action pleaded in the second suit is the same as the cause of action alleged in the first suit. Foster v. Pettijohn, 358 Mo. 84, 213 S.W.2d 487; Halloran v. Hackmann, Mo., 160 S.W.2d 769. Thus the issues on which the parties are in sharp disagreement are narrowed to these: (1) Whether the cause of action alleged in plaintiff's present petition is the same as that pleaded in its first petition; (2) Whether plaintiff "suffered" a nonsuit within the meaning of that word as used in § 516.230; and (3) Whether plaintiff's present petition states a claim upon which relief can be granted.

To set out the two petitions for the purposes of comparison would unduly

lengthen this opinion and would serve no useful purpose. The only dissimilarity pointed out by defendants is one additional paragraph which appears in the second petition but not in the first. We have carefully compared the two pleadings and except for the paragraph noted find that the allegations in both are the same, practically word for word. In brief, plaintiff pleaded the institution of the attachment suit, the garnishment proceedings, the attempted service on Ford, the quashing of the same, the results on appeal, and that it had thereby lost the opportunity to recover the amount due it by Benjamin Motors. The essential prayer in both was for damages of $5,500, plus interest and costs. The additional paragraph which appears in the second petition but not the first, numbered 14, contains the allegations that on September 4, 1964, plaintiff obtained a judgment for $16,000 and costs against the Benjamin Motor Company in the Circuit Court of the 20th Judicial Circuit at St. Clair, Illinois, " * * * covering the matters alleged in the Petition in Attachment filed in the Circuit Court of St. Louis County on the 7th day of November, 1958."

In determining whether the cause of action pleaded in the second suit is the same as that alleged in the first the same tests are applied as are used in determining whether a pleading is an amendment or a departure. Halloran v. Hackmann, Mo., 160 S.W.2d 769; St. Charles Savings Bank v. Thompson, 284 Mo. 72, 223 S.W. 734. Defendants concede that the cause of action alleged in plaintiff's first petition was based upon Litzinger's alleged failure to serve the garnishment upon Ford but they argue that because of the inclusion of paragraph 14 the present action is a suit upon the Illinois judgment and therefore a different cause of action. The fallacy of that argument is readily apparent. According to the petition, plaintiff obtained a judgment in Illinois against Benjamin Motor Company. It could scarcely enforce that judgment by a suit in Missouri against defendant Litzinger and his surety, and considering the present

petition as a whole it is obvious that plaintiff is not attempting to do so. Plaintiff may have included the paragraph regarding the intervening Illinois judgment obtained against Benjamin Motor to support its prior allegation that at the time Litzinger failed to properly serve the garnishment Benjamin was legally indebted to it. But whatever may have been its reason for including paragraph 14, the rule is that only the *causes of action* in the two petitions must be the same, not the manner in which they are pleaded. Norton v. Reed, 253 Mo. 236, 161 S.W. 842. And from a comparison of the first and second petitions it is crystal clear that the cause of action pleaded in both is precisely the same, Litzinger's alleged failure to serve the garnishment on Ford.

■ The second issue presented would ordinarily require a construction of the phrase, "suffer a nonsuit" which appears in § 516.230. Pointing to § 537.100, in which the words, "take or suffer a nonsuit" are used, defendants engage in a lengthy semantical discussion of the distinction between the words "take" and "suffer," and contend that because only the latter is used the savings provision of § 516.230 is effective only when the nonsuit results from an adverse ruling of the court, as an involuntary nonsuit or an order of dismissal. And they conclude that since in this case plaintiff took a voluntary nonsuit in its first action it is not entitled to the benefit of § 516.230. However, the fatal weakness in defendants' position is that the same argument has been repeatedly made, and just as frequently rejected by our Supreme Court, in a long line of cases beginning with Shaw v. Pershing, 57 Mo. 416, decided in 1874. Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S.W.2d 455, 129 A.L.R. 829; Thompson v. Farmers' Exchange Bank, 333 Mo. 437, 62 S.W.2d 803; St. Charles Savings Bank v. Thompson, 284 Mo. 72, 223 S.W. 734; Norton v. Reed, 253 Mo. 236, 161 S.W. 842; Wetmore v. Crouch, 188 Mo. 647, 87 S.W. 954; Hewitt v. Steele,

136 Mo. 327, 38 S.W. 82; Briant v. Fudge, 63 Mo. 489.

In both the first and second petitions plaintiff alleged that at the time -it filed the attachment suit, at the time defendant Litzinger attempted to serve Ford, and until the 28th of November, 1958, Ford had assets in its possession "belonging" to Benjamin Motor of a true value in excess of the amount sought by plaintiff, and that as a result of Litzinger's actions plaintiff lost the opportunity to recover the amount due it from Benjamin Motor. Defendants quote Black's Law Dictionary, 4th Ed., p. 198, to the effect that the word "belong" has two general meanings, (1) ownership; and (2) less than ownership, i. e., less than an unqualified and absolute title, such as the absolute right of user. Basing their argument on the second of such meanings they contend that plaintiff would not have been successful in prosecuting its garnishment proceedings against Ford because the assets which Ford had belonging to Benjamin Motors might have been incumbered; that it was incumbent upon plaintiff to prove that such assets were unincumbered; and that since plaintiff had to prove that fact it had to plead it. By this line of reasoning they reach the conclusion that plaintiff's petition does not state a claim upon which relief can be granted. The rule is that in determining the sufficiency of a petition to state a claim upon which relief may be granted the averments are to be given a liberal construction and the petition accorded those reasonable inferences fairly indulged from the facts stated. Royster v. Baker, Mo., 365 S.W.2d 496; Zuber v. Clarkson Construction Co., 363 Mo. 352, 251 S.W.2d 52. In accordance with that rule we think the first of such meanings, that of ownership, must be ascribed to the word "belonging" in the sense in which it was used in plaintiff's petition. Black, pp. 1260–1261, defines "ownership" in turn, to mean " * * * The complete dominion, title, or proprietary right in a thing or claim. The entirety of the powers of use and disposal allowed by law." So construed, we are of the opinion that the petition stated a claim upon which relief may be granted. We agree, however, that plaintiff could have no greater rights than Benjamin Motor Company had, and that in order to make a submissible case plaintiff will be required to show facts which would have enabled Benjamin Motor Company to have maintained a suit against Ford for such assets. Cusick v. Cusick, Mo. App., 201 S.W.2d 437; Mississippi Valley Trust Co. v. Francis, Mo.App., 186 S.W. 2d 39.

For the reasons stated the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment reversed and cause remanded.

ANDERSON, P. J., RUDDY, J., and THEODORE McMILLIAN, Special Judge, concurs.

WOLFE, J., not participating.