**Corrine DANIELS, Plaintiff-Appellant,**

**v.**

**Bernice SCHIERDING, et al.,
Defendants-Respondents,**

**and**

**Bernice SCHIERDING, Third-Party
Plaintiff,**

**v.**

**Herbert F. DANIELS, Third-Party
Defendant.**

**No. 45381.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 12, 1983.

Susan M. Hais, Clayton, for plaintiff-appellant.

Gerard T. Noce, Evans & Dixon, St. Louis, for defendant-respondent Monsanto Co.

PUDLOWSKI, Presiding Judge.

The sole question on appeal is whether the trial court erred in its dismissal of plaintiff's amended petition for damages on the ground the petition was barred by the 5-year statute of limitations, § 516.120, RSMo (1978). We affirm.

On May 18, 1976, plaintiff was injured while riding in an automobile operated by her husband, Herbert F. Daniels, while in the course of his employment by Monsanto Company. The original petition was filed on December 1, 1977, naming three defendants, Schierding, Lemans, and Daniels. Subsequent to the accident the plaintiff and her husband were divorced. On April 27, 1981, plaintiff filed a motion to join Monsanto Company as a new defendant along with an amended petition. Leave to join was granted on May 15, 1981 and plaintiff filed a first amended petition denominating Monsanto as one of the defendants. At that time, plaintiff did not request that a summons be issued on Monsanto. Summons was not requested until August 13, 1981. Shortly thereafter, a non-est return was filed. Two months later, on October 19, 1981, plaintiff ordered the issuance of an alias summons against Monsanto. This summons was served on October 26, 1981, five years, five months, eight days after the accident. On January 23, 1982 the trial court dismissed Monsanto Company and made its order final for purposes of appeal.

§ 516.120 RSMo (1978) defines what actions shall be brought within five years. This section states in relevant part:

Within five years:

\* \* \* \* \* \*

(4) . . . any other injury to the person or the rights of another, not arising on contract and not herein otherwise enumerated;

Generally speaking, "the rule is that a statute of limitation begins to run when the cause of action has accrued to the person asserting it, the accrual being whenever such a breach of duty has occurred, or such a wrong has been sustained, as will give a right to bring and sustain a suit." *Davis v.*

*Laclede Gas Company,* 603 S.W.2d 554, 555 (Mo. banc. 1980). In the case at bar, the statute of limitation began to run on May 18, 1976, the date of plaintiff's injury and expired on May 17, 1981.

■ The plaintiff, citing *Emanuel v. Richards,* 426 S.W.2d 716 (Mo.App.1968), asserts that the filing of her petition on May 15, 1981, halted the running of the statute of limitation even though the summons was served thereafter. The filing of a petition and issuance of summons is but a conditional halting of the applicable statute of limitation. Continued suspension of the limitation period is conditioned upon due diligence being exercised in obtaining service. *Atkinson v. Be-Mac Transport, Inc.,* 595 S.W.2d 26 (Mo.App.1980). Whether due diligence has been exercised is to be decided on a case by case basis, with the outcome not factually determinative of any other. *Id.* at p. 28. Thus, the issue before this court is whether plaintiff's five-month delay in having an alias summons served amounted to such a lack of diligent prosecution as to toll the five-year statute of limitation.

■ In determining this issue under the standard for appellate review, we must give deference to the trial court's finding of lack of due diligence, unless such finding is against the weight of the evidence. *Id.* at p. 28. Under the circumstances of this case, we cannot hold that the trial court's ruling is against the weight of the evidence.

■ Plaintiff timely submitted a motion to join Monsanto on April 27 and on May 15, 1981 leave was granted to join Monsanto. For three months, plaintiff did nothing to effectuate prompt service. The burden is on the plaintiff to take all steps necessary to assure service of process. *See* generally, *McReynolds v. Vawter,* 600 S.W.2d 159 (Mo.App.1980). After a non-est return was filed, plaintiff delayed another two months before requesting an alias summons. Plaintiff gives no reasonable explanation for her lack of diligence. The defendant, Monsanto Company, was easily accessible in the City of St. Louis, through its agent C.T. Corporation, in St. Louis County where it maintains its principal place of business, and in St. Charles County where defendant maintains a business office. The five month delay in this case when considered in relation to these factors supports the trial court's finding of lack of due diligence. We will not disturb the trial court's judgment and we find that plaintiff has failed to prosecute her claim against Monsanto Company without reasonable delay and is now barred by § 516.120, RSMo (1978).

Judgment affirmed.

SMITH and KELLY, JJ., concur.