**Donna Marie WRIEDT, Appellant,**

v.

**Dennis L. CHARLTON, Respondent.**

**No. WD 36035.**

Missouri Court of Appeals,
Western District.

March 26, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied April 30, 1985.

Application to Transfer Denied May 29, 1985.

Richard C. Thomas, Columbia, for appellant.

Louis J. Leonatti, Mexico, for respondent.

Before KENNEDY, P.J., and DIXON and LOWENSTEIN, JJ.

KENNEDY, Presiding Judge.

This is an appeal from an order dismissing plaintiff's wrongful death action as barred by the three-year statute of limitations, § 537.100, RSMo Supp.1979, after an evidentiary hearing on defendant's motion to dismiss.

We affirm.

The wrongful death action accrued on October 14, 1979, when Robert E. Wriedt died from injuries sustained while he was a passenger in a car driven by defendant. Plaintiff was decedent's wife. Her petition was filed in the Circuit Court of Macon

County on September 3, 1982, within the three-year limitations period. The summons was sent to Platte County, to be served upon the defendant at the address furnished by plaintiff's attorney. Plaintiff's then attorney had gotten the address from the highway patrol report of the accident. The summons was returned non est. The return gratuitously noted: "By finding the defendant has not lived at given service address for at least two years as per present resident."

Plaintiff's attorney, perhaps not having seen the gratuitous information contained in the first return, had the summons sent to Jackson County for service upon the defendant at the same address as the first. This was returned non est.

A third (pluralis) summons was sent to Clay County for service upon defendant at another address. This proved to be the address of one Dennis E. Charlton, but not defendant. So once again there was a non est return. This final non est return was made on February 24, 1983, and apparently filed in the clerk's office on March 7.

The testimony of plaintiff's then attorney varies somewhat from the foregoing in details, but not in any essential matter. The foregoing chronology is taken from the court file.

Plaintiff's attorney testified that he then wrote two or three letters to plaintiff, seeking authority to hire a private investigator to track down the defendant. These letters were returned undelivered. He also attempted on a couple of occasions to reach her by phone but was unsuccessful.

A new attorney for plaintiff had another summons issued on April 20, 1984, and sent to Clay County for service upon the defendant at an Excelsior Springs address. Service was duly accomplished on April 24.

An affidavit filed by defendant states that at the time of the accident he lived at what we take to be the address contained in the accident report. He later moved to an address in Platte Woods, and after that he lived successively at three different Excelsior Springs addresses. He was served with process at the last of these addresses.

■ A petition is timely filed and is not subject to dismissal upon statute of limitations grounds if it is filed within the statutory limitations period, even though summons is not served upon the defendant until after the expiration of the limitations period. *Emanuel v. Richards*, 426 S.W.2d 716, 718 (Mo.App.1968). This rule is subject to this qualification, that the plaintiff must use due diligence in effecting service. If he does not use due diligence in effecting service, the statute continues to run and the cause of action will be barred.[1] As the court said in *Votaw v. Schmittgens*, 538 S.W.2d 884 (Mo.App.1976):

> Whether a plaintiff has exercised due diligence must be decided on a case by case basis.... It is not possible to satisfactorily state any general standards by which it may be determined when and under what circumstances one's lack of due diligence to proceed in the issuance of process may amount to a discontinuance of the action or destroy the effectiveness of a pending proceeding. (Citations omitted.)

538 S.W.2d at 886.

■ The service of process apparently was neglected from March 7, 1983, the date of the filing of the last (the third) non est return until April 18, 1984, when the summons was gotten out which was served upon the defendant—a space of more than 13 months. Whether this neglect was the fault of plaintiff's attorney in not pursuing the matter more diligently, or the fault of plaintiff herself in not keeping her attorney advised of her whereabouts, or a combination of both, it is not necessary for us to decide. The record is insufficient for that, anyway. The attorney's neglect, if any,

---

1. *Daniels v. Schierding*, 650 S.W.2d 337, 339 (Mo.App.1983); *Atkinson v. Be-Mac Transport*,

was chargeable to the plaintiff.[2] We would not overturn the trial court's decision in this case; there is ample evidence to support the finding of lack of due diligence on plaintiff's part in effecting service of process on defendant. We give deference to the trial court's decision. See *Continental Electric Co. v. Ebco, Inc.,* 375 S.W.2d 134 (Mo.1964); *Driscoll v. Konze,* 322 S.W.2d 824, 829 (Mo.1959); *Daniels v. Schierding,* 650 S.W.2d 337, 339 (Mo.App.1983); *Atkinson v. Be-Mac Transport, Inc.,* 595 S.W.2d 26, 28–29 (Mo.App.1980); *Hennis v. Tucker,* 447 S.W.2d 580 (Mo.App.1969).

Judgment affirmed.

All concur.

**2.** *Detroit Tool & Engineering Co. v. Martin,* 641 S.W.2d 177, 179 (Mo.App.1982); *Meyer v. Vinson,* 448 S.W.2d 316, 317–18 (Mo.App.1969).