**U.S. LAMINATING CORPORATION, Plaintiff-Appellant,**

v.

**CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, Defendant-Respondent.**

No. 51526.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 26, 1986.

Rehearing Denied Sept. 24, 1986.

Lee Young, Union, for plaintiff-appellant.

Lawrence Bovard Grebel, St. Louis, for defendant-respondent.

KELLY, Judge.

Appellant, U.S. Laminating Corp., appeals from the trial court's order sustaining respondent's motion to dismiss appellant's petition because the claim was barred by the statute of limitations, § 516.-120 RSMo 1978. We affirm.

Appellant brought an action based upon alleged injuries and damages to personal property as a result of respondent's negligence and breach of a contract to which appellant was a third party beneficiary.

The events in controversy occurred on or about April 21, 1978, September 12, 1978, and December 14, 1978. The original petition was filed on March 3, 1982, within the five year limitations period. A summons was ordered and issued on respondent on December 6, 1982, however the summons was never returned nor returned non est. On October 19, 1983, an alias summons was issued. Service on respondent was eventually obtained on December 6, 1984, more than a year later.

Respondent then filed a motion to dismiss on the basis of the statute of limitations and plaintiff's failure to exercise due diligence in obtaining service of process. On July 18, 1985, the date respondent's motion to dismiss was to be heard, appellant voluntarily dismissed the lawsuit.

Appellant refiled the same action against respondent on or about January 27, 1986, pursuant to the Missouri Savings Statute, § 516.230 RSMo (1978), and service was obtained on or about February 14, 1986.

Respondent then filed a motion to dismiss on the grounds that since appellant failed to use due diligence in effecting service in the previously filed suit, § 516.230 RSMo (1978), the saving statute, would not apply because the statute of limitations had continued to run and the cause of action was barred. On April 8, 1986, the trial court, without stating its reasons, sustained respondent's motion to dismiss appellant's petition.

Appellant contends the trial court erred in applying the issue of lack of due diligence:

(1) To the originally filed lawsuit which was voluntarily dismissed by appellant; and

**(2) To the refiled action.**

Appellant also contends that the trial court erred in basing its decision to sustain respondent's motion to dismiss on the statute of limitations.

We deal first with appellant's argument that the trial court erred in considering the issue of lack of due diligence in the originally filed lawsuit, which was voluntarily dismissed by appellant. Appellant argues that the issue of lack of diligence in the previously filed lawsuit has no bearing on the refiled action currently before the court. We disagree.

Section 516.120 RSMo (1978) is the applicable statute of limitations and it provides that the appellant has five years from the date the cause of action has accrued in which to maintain its lawsuit. Thus, the appellant had until December 14, 1983, in which to file its action.

It is true, as appellant argues, that the five year limitation applicable to this action was tolled by the filing of appellant's petition within the limitation period. However, continued suspension of the limitation period is conditioned upon due diligence being exercised in obtaining service. *Votaw v. Schmittgens*, 538 S.W.2d 884, 886[1] (Mo.App.1976).

It is well settled in Missouri that there is lack of due and diligent service of process when there is a delay between the filing of the petition and the eventual service of process on the defendant. *Wriedt v. Charlton*, 689 S.W.2d 788 (Mo.App.1985) (13 month delay); *Daniels v. Schierding*, 650 S.W.2d 337 (Mo.App.1983) (5 month delay); *Blanks v. Cantwell*, 578 S.W.2d 349 (Mo.App.1979) (36 month delay); *Hennis v. Tucker*, 447 S.W.2d 580 (Mo.App. 1969) (11 month delay). In each of the aforecited cases, the court held that due diligence was not exercised in effecting service of process, and thus, the statute continued to run and the cause of action was barred.

■ In the case at bar, the trial court found that due diligence is not exercised when there is a thirty-four month lapse from the filing of the petition in the previously filed lawsuit to the service of summons upon respondent. Whether a plaintiff has exercised due diligence must be decided on a case by case basis. *Kennon v. Citizens Mutual Insurance Co.*, 666 S.W.2d 782, 785[6] (Mo.App.1983).

Appellant argues that this delay should be excused because he had great difficulty in attempting to obtain service. He alleges that he made several telephone calls to St. Louis City and County Clerks' offices to ascertain the status of the summons. He also contends that the St. Louis County Sheriff's Department failed to maintain proper records of the initial request for summons.

■ However, appellant offers no reasonable explanation for the delay between the issuing of the alias summons on October 19, 1983 to the eventual service upon respondent on December 6, 1984. Additionally, we note that the respondent maintained an office and a registered agent in the city of St. Louis. On appeal, unless we find that the trial court's findings are against the weight of the evidence, we must give deference to its finding of lack of due diligence. *Blanks v. Cantwell*, 578 S.W.2d supra, l.c. 350[6] (Mo.App.1979); *Allen v. Curry*, 568 S.W.2d 582, 584[1] (Mo.App.1978). Under the circumstances of this case, we hold that the trial court's ruling is not against the weight of the evidence.

The trial court correctly applied the issue of lack of due diligence in determining whether the filing of appellant's original petition halted the running of the statute of limitations.

■ Appellant contends that it is irrelevant what transpired in the previously filed lawsuit which was voluntarily dismissed. We find no support for this contention. Based upon *Tanner v. Presidents-First Lady Spa, Inc.*, 345 F.Supp 950, 961[20] (E.D.Mo.1972), if there is a lack of due and diligent service of process in a previously filed suit which was voluntarily dismissed, the prior suit does have an effect on the

newly instituted suit, because the statute of limitations is not tolled during that period and continues to run. The instant lawsuit was filed on January 27, 1986, more than two years after the statute of limitations had expired. We hold that the newly filed action was barred because the lack of due and diligent service of process by the appellant in the previously filed suit resulted in the failure to toll the statute of limitations.

■ Appellant next contends that the trial court erred in applying the issue of lack of due diligence to the refiled action. Appellant relies on *State v. Litzinger*, 417 S.W.2d 126 (Mo.App.1967). This case is distinguishable, and it is not controlling here because in *Litzinger*, the plaintiff took a voluntary nonsuit in its original action which was timely filed and served. In *Litzinger*, the court held that the filing of the second suit within the one year provision of § 516.230 RSMo (1978) was proper and the running of the statute of limitations had been tolled.

In the case at bar, § 516.230 RSMo (1978), the saving statute, would not toll the statute of limitations due to the fact appellant failed to exercise due and diligent care to obtain service of process in the previously filed suit. Therefore we find no merit to appellant's contention and conclude the trial court did not err.

In its final point, appellant alleges the trial court erred in basing its decision to sustain respondent's motion to dismiss on the statute of limitations. Appellant contends that since respondent failed to challenge the taking of a nonsuit, respondent waived its rights to object to the filing of a subsequent action. Appellant further contends that the subsequent action was filed in a timely manner within one year after the nonsuit. We disagree.

■ Where there is a *timely* lawsuit filed which is subsequently nonsuited, the plaintiff may then refile the same cause of action within one year after the non-suit. *Cady v. Harlan*, 442 S.W.2d 517, 519 (1969). The trial court found that although

appellant's petition itself may have been timely filed, in order to continue suspension of the statute of limitations it was also necessary that the appellant exercise due diligence in obtaining service of process on the respondent. Since appellant failed to exercise due diligence, appellant had until December 14, 1983, to bring its cause of action against respondent and to obtain service of process upon respondent. Appellant refiled its action on January 27, 1986, more than two years after the statute of limitations expired. We hold that the newly filed action was time barred, and that the trial court did not err in sustaining respondent's motion to dismiss.

CRANDALL, P.J., and PUDLOWSKI, J., concur.