Jonathan D. **PELTZMAN,** Appellant,

v.

Chris Eugene **BEACHNER,** and Farmers Insurance Co., Respondents.

No. WD 43536.

Missouri Court of Appeals,
Western District.

Aug. 13, 1991.

⟐119(3)

Raymond Peltzman, Kansas City, for appellant.

Chris Eugene Beachner, pro se.

Before KENNEDY, P.J., and SHANGLER and ULRICH, JJ.

SHANGLER, Judge.

The question on appeal is whether the dismissal by the trial court of plaintiff Peltzman's petition for damages as barred by the statute of limitations was error.

The claim arose from a motor vehicle collision in the State of Kansas on May 4, 1987, and was governed by its two-year statute of limitations. The petition was timely filed one day before the expiration of the period of limitations, but service was not accomplished upon the defendant Beachner until December 11, 1989, seven months and seven days after limitations had run. Thereafter, the defendant Beachner moved to dismiss the action for want of due diligence by Peltzman to perfect service of process upon the defendant. The court dismissed the petition, overruled Peltzman's motion to reconsider, and entered judgment.[1] The plaintiff Peltzman appeals.

A civil action is commenced by filing a petition with the court. Rule 53.01.

---

1. The Peltzman petition was against two defendants—the driver of the other vehicle, Beachner, an uninsured motorist, and Farmers Insurance Company who covered Peltzman for damages caused by the negligence of an uninsured motorist. The order of dismissal was in favor of both defendants. The claim against Farmers Insurance Company was later settled, so that

That event, however, only conditionally halts the course of the statute of limitations and, unless the plaintiff thereafter practices due diligence to obtain service of process upon the defendant, the statute of limitations continues to run. *Votaw v. Schmittgens,* 538 S.W.2d 884, 886[1, 2] (Mo.App.1976). Cognately, the petition of a plaintiff who has made diligent use of the means that the law provides to obtain jurisdiction of the defendant is not subject to dismissal upon grounds of limitations if the petition is filed within the statutory period, even though the summons is not served upon the defendant until after the expiration of limitations. *Wriedt v. Charlton,* 689 S.W.2d 788, 789[1, 2] (Mo.App.1985).

The question of whether a plaintiff acted diligently after filing the action to obtain service on the defendant is to be determined case by case. *U.S. Laminating Corp. v. Consolidated Freightways Corp. of Del.,* 716 S.W.2d 847, 849[1] (Mo.App. 1986).

In this case the petition for damages was filed on May 3, 1989. The next day, May 4, 1989, the two-year Kansas statute of limitations expired. The summons issued on May 12, 1989 [eight days after the running of limitations] for service on "Chris E. Beachner, 1206 East 134th Street, Grandview, Missouri 64030," returnable on June 7, 1989.[2] The summons for Beachner was returned "non est" on May 30, 1989, by James Gnefkow, a deputy process server for the trial courts of Jackson County. The return certified that the server "executed this writ in Jackson County, Missouri from 5–15–1989 to 5–28–1989, by making a diligent search for and failing to find the within-named Chris E. Beachner, 1206 East 134th St., Grandview, Mo., for the reason that (sic) does not live here."

The case record of the associate circuit court then shows these sequential entries:

Jun 07, 1989   CAUSE CONTINUED BY ___ UNTIL 9/13 AT ___.

7/26/89   BY AGREEMENT OF JUDGES CAUSE IS REASSIGNED TO DIVISION <u>101</u> DOCKET <u>NN</u>

[Undated]   Continued by Agreement to 10–27–89

The case record shows next that on October 27, 1989, plaintiff filed a Motion for Special Process Server. The next entry, undated, shows the case "Continued by Agreement to 12–1–89." The next entry, also undated, shows, "ORDER SIGNED 12–6–1989." The next dated entry, December 6, 1989, recites, "SPECIAL PROCESS SERVER (CHRIS [BEACHNER] ONLY) ALIAS SUMMONS ISSUED: RETURN DATE 12–29–89." The next entry shows a continuance by agreement until 12–29–89, the return date for the service of the alias summons on defendant Beachner.

The next entry on 12–29–89 the return date for service on Beachner, recites: "Chris Beachner appeared—Lance Lefevre appeared." Lefevre was counsel for defendant Farmers Insurance Company, then still a litigant. The affidavit of return of service filed by the special process server certified that the alias summons in the cause was served by him "upon Chris E. Beachner, defendant, on the 11th day of December, 1989, at 7:15 A.M., at 1206 East 134th Street, Grandview, Jackson County, Missouri, by personal service upon said defendant." That was the same address designated to the original process server for service of the original summons upon the defendant Beachner. The lapse between the non-est return to the original summons on May 30, 1989 and the service of the alias summons on December 11, 1989, was six months and 12 days.

The defendant Beachner then moved to dismiss the action as to him because of the

---

the appeal involves only the propriety of the dismissal of the action against Beachner, the defendant who remains.

**2.** A summons for service on Farmers Insurance Company, Inc., the other defendant also issued, and return of service was filed on May 20, 1989. Farmers, as we note, was dismissed from the case. The summons and service procedures are mentioned only as they may bear on the issue of due diligence.

bar of the two-year statute of limitations. The motion asserted the lack of due diligence by plaintiff "in pursuing issuance of summons and service of process" upon the defendant Beachner. The court sustained the motion as to *both* defendants. The dismissal implicitly found in favor of the allegation of the motion that the plaintiff failed to exercise due diligence.

Peltzman moved the court to vacate the order of dismissal. The ground of the motion to vacate the dismissal was that Gnefkow, the original process server who attempted to serve the original summons on Beachner, was misinformed by the person who came to the door at 1206 East 134th Street, Grandview, Missouri, that Beachner did not live at that address, and hence the return of non est. The motion was supported by certified copies of official governmental records, among them personal property transaction forms and a certified cover letter that the attached photograph was an authentic record relating to the driver license history of Chris E. Beachner living at the Grandview address designated for service of summons. At the hearing on the motion to vacate, they were tendered and received to show that on the date, and thereafter, that the original summons was returned non est because Beachner did not live at "1206 E. 134th St., Grandview, Missouri," the defendant Beachner had conducted business with those offices while residing at that listed address.

Peltzman also presented the testimony of Gnefkow, process server for Jackson County, and Jeffers, special process server. Gnefkow explained the attempted services of the original summons at the designated address: "I knocked on the door. It was early in the morning. Someone answered. I asked for the Defendant [Beachner], and they said he didn't live there. I said, 'Thank you, very much,' and went on to my next stop." He was shown the photograph of Chris E. Beachner from the certified cover letter from the Missouri Department of Revenue, but, because of the lapse of time, could not recall the person who came to the door· from that photograph. The special process server, Jeffers, testified that he served the alias summons on Beachner at that very address. He could not recall what the person served looked like.

■ The motion to vacate the judgment was denied. On appeal the plaintiff contends that the evidence shows that the non est return was fraudulently aided and knowingly procured by the defendant Beachner to avoid judgment and, otherwise, that the plaintiff Peltzman did not fail to exercise due diligence in obtaining actual service on December 11, 1989. The ground of the motion, however, was not that the non est return was fraudulently aided by the defendant, but that the dismissal was ·erroneous because the service on December 11, 1989, was accomplished with due diligence. Proof that the defendant misdirected or otherwise obstructed the process server from the performance of function in order to avoid lawful service, of course, bears materially upon whether due diligence to make service thereafter stayed the bar of limitations. *See Hill–Behan Lumber Co. v. Sellers*, 149 S.W.2d 465, 467[2–4] (Mo.App.1941). That fact, however, was not found by the trial judge. The order that overrules the motion, rather, implicitly rejects the probativeness of that evidence.

■ The question for review is, therefore, whether the finding of the trial court that the plaintiff failed to exercise due diligence is against the weight of the evidence. *Daniels v. Schierding*, 650 S.W.2d 337, 339[3, 4] (Mo.App.1983). The absolute elapse of time *per se* does not decide the issue.[3] The circumstances of the case do. In this case, although the absolute interval

---

**3.** The determination by the trial court that there was lack of due diligence to effect service was given deference as not against the weight of the evidence where the lapse was 13 months, *Wriedt v. Charlton*, 689 S.W.2d 788 (Mo.App.1985); 11 months, *Hennis v. Tucker*, 447 S.W.2d 580 (Mo. App.1969); 5 months, *Daniels v. Schierding*, 650 S.W.2d 337 (Mo.App.1983); and was denied def-

between the non est return on May 30, 1989 and effective service on December 11, 1989, was six months and twelve days, record entries show that on June 7, 1989 the cause was continued by the court and then lodged in another division of the associate circuit court by agreement of the judges. These entries, although not otherwise explained in the evidence, are of the kind regularly used to record events of internal court administrative management. They denote delay occasioned by the necessity of the court, and not by the instance of a party.

■ It is the duty of the plaintiff to take all necessary steps to assure service of process. *Daniels,* 650 S.W.2d at 339[5]. A correct address for original service of process was designated by the plaintiff, and the first necessary step was met. The non est return was not due to any lack of diligence by him. The defendant was then served at that same address six months later. There is, nevertheless, no evidence that explains the full delay. The stamped entry of June 7, 1989, "CAUSE CONTINUED BY ___ UNTIL 9/13 AT ___," by local use, commonly connotes a court in vacation, and hence closed. The stamped entry of July 26, 1989, "BY AGREEMENT OF JUDGES CAUSE IS REASSIGNED TO DIVISION 101 DOCKET NN," commonly connotes that the case has been restored to an active court. These entries are shown as orders entered for the court's own purposes. They account for some six weeks. What remains is a lapse of no more than four months and three weeks.

There is no claim that Beachner was prejudiced by the delay. *See Kennon v. Citizens Mut. Ins. Co.,* 666 S.W.2d 782, 785[11, 12] (Mo.App.1983). In the circumstances, the judgment of dismissal of the petition for want of due diligence by the plaintiff to obtain service is against the weight of the evidence.

The judgment is reversed and the cause is remanded with directions that the associ-

ate circuit court reinstate the petition of the plaintiff.

All Concur.

---

erence as against the weight of the evidence where the lapse was 9 months; *Emanuel v. Richards,* 426 S.W.2d 716 (Mo.App.1968); and 8 months, *Votaw v. Schmittgens,* 538 S.W.2d 884 (Mo.App.1976).