Andrew L. FUNKHOUSER,
Sr., Plaintiff–Appellant,

v.

MEADOWVIEW NURSING HOME, Stephen Bazzano, Jackie Wolfe, Kathy Cameron, Alice Otero, Pat Lawrence, and Sonia Derrick, Defendants–Respondents.

No. 17439.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 17, 1991.

Andrew L. Funkhouser, Sr., pro se.

Theresa Ohler, Karl Blanchard, Jr., Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendant-respondent Stephen Bazzano.

Frank Cottey, James W. Newberry, Schroff, Glass & Newberry, Springfield, for defendants-respondents.

SHRUM, Presiding Judge.

Pro se plaintiff appeals from the trial court's dismissal with prejudice of his wrongful death action. We reverse the judgment of dismissal and remand.

## FACTS

The plaintiff's petition was, in the words of the docket entry, "presented to the Court for filing" on May 29, 1990. By motion of the same date, the plaintiff sought "leave to proceed in this action in forma pauperis." A May 31, 1990, docket entry states that the plaintiff's motion for leave to file in forma pauperis was "sustained" and his petition "filed." The face of the petition is stamped twice, indicating it was "filed" May 29 and May 31.

In his petition, the plaintiff, who was and remains incarcerated at the Moberly Training Center for Men, alleged his father died May 28, 1987, "due to the negligent care of Meadowview Nursing Home and its medical staff...."

On July 2, 1990, the plaintiff wrote to the circuit clerk to inquire about the status of the case and was advised that "service has not been attempted due to the fact that you did not instruct us if service should be made, to whom service should be made and

how it should be obtained...." The plaintiff advised the clerk's office to obtain service on all defendants at the nursing home facility. On August 2, 1990, summonses were served on Cameron, as an individual and on behalf of the nursing home, and on Bazzano as an individual. Summonses to the remaining defendants were returned *non est.*

On August 30 Meadowview Nursing Home and Cameron filed their joint answer to the petition. On September 28 the plaintiff moved for a default judgment against Bazzano who had not filed an answer. The trial court sustained Bazzano's subsequent motion for leave to file an answer out of time and overruled the plaintiff's motion for a default judgment.

With his answer, Bazzano included a motion to dismiss the petition as time-barred due to the three-year limitation of § 537.-100, RSMo 1986. Subsequently, all other defendants obtained leave to amend their answer to plead the statute of limitations defense.[1] They later filed a motion to dismiss the petition as time-barred.

On December 13, 1990, by a document denominated "Judgment Entry," the trial court dismissed the claim against Bazzano because of the statute of limitations; the court did not designate its order as final for purposes of appeal. On December 21, the court dismissed the claim against the Meadowview defendants because of the statute of limitations.

The plaintiff then filed a series of notices of appeal. The first, filed January 14, 1991, identified the date of the judgment as December 13, 1990. The plaintiff did not attach a copy of either the December 13 or the December 21 trial court orders to his January 14 notice of appeal. The plaintiff filed other documents on January 14, one of which was a motion requesting "leave to proceed on appeal from the Court's Judgment of December 13, 1990 in forma pauperis...."

---

1. The motion seeking leave to amend, along with subsequent filings with the trial court and this court, were filed in the names of Meadowview Nursing Home, Jackie Wolfe, Kathy Cameron, Alice Otero, Pat Lawrence, and Sonia Der-

rick. Hereafter we shall refer to these defendants as "the Meadowview defendants," to Bazzano individually as "Bazzano," and to all defendants collectively as "the defendants."

On January 17, the plaintiff filed a second notice of appeal, again specifying December 13 as the date of the judgment and this time attaching a copy of the December 13 order dismissing the claim against Bazzano.

On January 31, the plaintiff filed his third notice of appeal in which he indicated the date of the judgment appealed from to be December 21, 1990. To this notice he attached a copy of the December 21 order in which the trial court dismissed the petition against the Meadowview defendants. With none of these filings did the plaintiff deposit the Rule 81.04(c) $50 docket fee with the circuit clerk.

The trial court docket sheet reflects the following additional activity:

Jan. 25 '91: Notice of Appeals (filed 1–4–91[2] & 1–17–91) w/copy of Judgment; Motion to Vacate; Motion for Leave to Proceed in Forma Pauperis and docket sheets sent ... to Missouri Court of Appeals, Southern District.

. . . .

Jan. 31 '91: Notices of Appeal w/accompanying paperwork returned by Missouri Court of Appeals pursuant to Supreme Court Rule 81.04(c).

Jan. 31 '91: Plaintiff files Notice of Appeal.

Feb. 5 '91: Notice of Appeal sent ... to Missouri Court of Appeals.

Feb. 7 '91: Notice of Appeal w/accompanying paperwork returned by Missouri Court of Appeals pursuant to Supreme Court Rule 81.04(c).

. . . .

3–7–91: [A hand-written entry indicating the plaintiff's motion to appeal as a poor person was sustained.]

March 13 '91: Original Notice of Appeals returned to the Court by Missouri Court of Appeals on 1–31–91 and 2–7–91 remailed w/docket sheet allowing Defendant to proceed as a poor person to Missouri Court of Appeals this date.

Separate notices of appeal, one filed January 17, 1991, in the circuit court and naming "Stephen Bazzano" as defendant, and the other filed January 31 in the circuit court and naming "Meadowview Nursing Home, et al," as defendant, appear in this court's record. Each notice is stamped "Filed Mar 15 1991" in this court.

## MOTIONS TO DISMISS THE APPEAL

The defendants filed separate motions to dismiss the appeal in which they claimed the January 14 notice of appeal did not vest this court with jurisdiction because it was not accompanied by the $50 docket fee required by Rule 81.04(c), and because the plaintiff did not obtain an order from the trial court permitting him to proceed on appeal in forma pauperis until after the deadline for filing a notice of appeal had passed. On August 8, 1991, this court ordered the parties to address in their briefs the "effect of *Jones v. State*, 506 S.W.2d 387 (Mo.1974) on issue presented in [defendants'] motions to dismiss."

In the Meadowview defendants' brief, counsel "acknowledges *Jones's* application to the one point raised by the motion filed previously," namely, whether the plaintiff's failure, before the deadline for filing a notice of appeal, to pay the appellate court docket fee or to obtain permission to proceed on appeal as a poor person requires dismissal of the appeal.

The Meadowview defendants, however, now assert two additional reasons for dismissal: (1) the notice of appeal from the December 21, 1990, order dismissing them as defendants was not filed until more than 10 days after the order became final, and (2) the plaintiff never sought or obtained leave to proceed as a poor person with his appeal from the December 21 order.

We deal first with the claim that the plaintiff did not file a timely notice of appeal. A notice of appeal must be filed not later than 10 days after the judgment or order appealed from becomes final. Rule 81.04(a). A judgment becomes final at the expiration of 30 days after its entry, absent timely filing of a new trial motion. Rule 81.05(a). The 10– and 30–day time periods

**2.** Presumably 1–14–91.

are to be computed according to Rule 44.01 which states in pertinent part:

(a) Computation. In computing any period of time prescribed or allowed by these rules ... the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

The claims against the Meadowview defendants were dismissed on December 21, 1990. The 30th day following entry of the order of dismissal was January 20, 1991, a Sunday. Monday, January 21, was a legal holiday, the observance of the anniversary of the birth of Dr. Martin Luther King, Jr. Thus the date for finality was extended by Rule 44.01(a) to the end of Tuesday, January 22, and the last day on which the plaintiff could timely file a notice of appeal became the end of Friday, February 1. *See LeGrand v. LeGrand,* 663 S.W.2d 339, 340 (Mo.App.1983). The plaintiff's notice of appeal, filed January 31, was timely.

■ In his brief, Bazzano does not pursue his argument for dismissal of the appeal, perhaps a result of his reading of *Jones,* 506 S.W.2d at 388–89. Nevertheless, we note that the order dismissing Bazzano as a defendant did not become final until adjudication of all claims and the rights and liabilities of all the parties. Rule 74.01(b). The plaintiff's premature filing with respect to Bazzano is deemed to be timely filed. Rule 81.05(b).

■ We turn now to the Meadowview defendants' argument that the plaintiff did not seek or obtain leave to proceed as a poor person "with his appeal of the Order of December 21, 1990 in favor of these respondents." This argument suggests we have multiple appeals before us. Such is not the case. Rule 81.08 provides in pertinent part:

(a) Notice of Appeal. The notice of appeal shall specify the parties taking the appeal, the judgment or order appealed from, the court to which the appeal is taken.... For this purpose, appellant shall utilize ... Civil Procedure Form No. 8–B on appeals to the Missouri Court of Appeals.

Form 8–B requires the appellant to attach to it a copy of the judgment or order appealed from. Rule 81.08(a) and Form 8–B anticipate an appellant will use one notice of appeal, even in cases such as this in which the trial court disposes of multiple parties at various times by use of separate documents. The plaintiff's incorrect use of two notice of appeal forms rather than one does not create two appeals.

■ The plaintiff's motion for leave to proceed on appeal as a poor person was sustained by the trial court. Despite the plaintiff's designating only the December 13 order in his motion to proceed in forma pauperis, a review of the record indicates this court and the trial court considered the plaintiff's status as a poor person to apply to his entire appeal, not just a portion of it. To conclude otherwise would yield the absurd result that the plaintiff is a poor person with respect to one defendant but not to the others.

The motions to dismiss the appeal are denied.

## PLAINTIFF'S ISSUES ON APPEAL

The plaintiff contends that the trial court erred in dismissing his wrongful death action as time-barred. The parties now appear to agree, apparently for different reasons, that the action was timely filed.[3]

■ The defendants, however, relying on the principle that a trial court's dismissal of an action should be upheld on appeal if any

---

**3.** The plaintiff, relying on Rule 44.01(a), argues the filing was timely because the three-year limitation period of § 537.100 ended May 28, 1990, which was a legal holiday, the observance of Memorial Day, thereby extending the deadline to May 29 on which date he presented his petition and motion for leave to proceed in forma pauperis. The defendants agree to the timeliness of the filing as a result of the application of *State ex rel. Coats v. Lewis,* 689 S.W.2d 800, 806 (Mo.App.1985), and *Nitcher v. Brown,* 775 S.W.2d 330 (Mo.App.1989).

ground supports it, point out that they were not served with summonses until August 2, 1990, 65 days after the petition was filed. They argue the dismissals should be affirmed because the plaintiff did not exercise "due diligence" in obtaining service of process. Their argument is devoid of merit.

Rule 54.01 provides:

Upon the filing of the petition, the clerk shall forthwith issue the required summons or other process, and, unless otherwise provided, deliver it for service to the sheriff or other person specially appointed to serve it. Upon request of the plaintiff, separate or additional summons shall issue against any defendant.

"The original summons is to be issued by the clerk forthwith upon the filing of the petition. The plaintiff is not obliged to take any further steps for such purpose." *Continental Elec. Co. v. Ebco, Inc.*, 375 S.W.2d 134, 137 (Mo.1964).

Here, after the plaintiff filed his petition, the clerk apparently took no action to issue the original summonses. Later, when the plaintiff inquired by letter about the status of his lawsuit, the clerk informed him service had not been attempted because "you did not instruct us if service should be made, to whom ... and how...." The plaintiff promptly responded with instructions that apparently satisfied the clerk.[4]

The defendants rely on *Atkinson v. Be-Mac Transport, Inc.*, 595 S.W.2d 26 (Mo. App.1980), and *Daniels v. Schierding*, 650 S.W.2d 337 (Mo.App.1983), to support their argument that the plaintiff failed to exercise due diligence. Both opinions are factually distinct from the case before us. *Atkinson* involved a five and one-half month delay by the plaintiff in requesting an alias summons after the original summons was returned by the sheriff *non est*. 595 S.W.2d at 28.

*Daniels*, likewise, did not involve an original summons. In *Daniels*, the plaintiff filed her original petition in December 1977. In April 1981, she filed an amended petition and sought leave to add Monsanto Co. as a defendant. Leave was granted, and in May 1981 she filed a first amended petition naming Monsanto as a defendant. However, she did not request a summons be issued to Monsanto until August 1981. That summons was returned *non est*, and the plaintiff then waited two months to request an alias summons. 650 S.W.2d at 338.

In *Daniels*, the plaintiff's first amended petition adding Monsanto Co. as a defendant was not the original petition and the summons to Monsanto was not an original summons. Under Rule 54.01, the plaintiff was required to request "separate or additional summons...." The case before us involves original summonses to be served, together with a copy of an original petition, to the defendants named in that petition. The plaintiff did all he was required to do.

The plaintiff also asks that we review the trial court's denial of his motion for a default judgment against Bazzano. Given our decision to reverse the trial court's dismissal of the plaintiff's petition, we harbor some doubt about whether this question is properly before us. In the interest of judicial efficiency, however, we make the following observations.

Rule 74.05, governing entry of default judgments, provides in part:

(a) Entry of Interlocutory Order of Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules, an interlocutory order of default may be entered against that party.

Unlike the language of predecessor Rule 74.045 and RSMo § 511.110, from which Rule 74.045 was derived, the language of

4. In their briefs, the defendants make the following misstatement of the facts: "In the case at bar the appellant did not provide addresses where the respondents could be served until July 16, 1990, and then only after receiving correspondence and instructions from the clerk's office. L.F. 74 and 75." The clerk's letter to the plaintiff, appearing at page 75 of the legal file, begins, "Please be advised that we are in receipt of your letter of 7-2-90, inquiring about the present status of your case." It is obvious that the plaintiff initiated the inquiry, not the clerk.

Rule 74.05(a) is permissive. We see no purpose in an extended discussion of whether the trial court abused its discretion in allowing Bazzano to answer after the expiration of the time limit of Rule 55.25(a) rather than entering an interlocutory order of default against him. It is sufficient to note that a trial court's discretion has been considerably broadened by Rule 74.05(a). *See, e.g., McClelland v. Progressive Cas. Ins. Co.,* 790 S.W.2d 490, 493[3] (Mo.App.1990). Based on the record in this case, we believe there was no abuse of discretion.

The judgment dismissing the plaintiff's claims against all defendants is reversed and the cause remanded for further proceedings.

FLANIGAN, C.J., and MONTGOMERY, J., concur.