**Shirley Joann GASPER and Joseph Gasper, Plaintiffs/Appellants,**

v.

**ST. CHARLES COUNTY and Washington University, Defendants/Respondents.**

No. 62701.

Missouri Court of Appeals,
Eastern District,
Division One.

May 18, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1993.

Application to Transfer Denied
Aug. 17, 1993.

John D. Anderson, Christine L. Krieger, Herman Praszkier, St. Louis, for plaintiffs/appellants.

Harold L. Whitfield, Whitfield, Montgomery & Staples, Jeffrey K. Suess, Mary Anne Lindsey, Evans & Dixon, St. Louis, for defendants/respondents.

AHRENS, Judge.

Plaintiffs, Shirley and John Gasper, appeal from the trial court's dismissal with prejudice of their petition against defendants, St. Charles County and Washington University, for failure to commence suit within one year after nonsuit pursuant to § 516.230 RSMo 1986. We reverse and remand.

The essential facts are not in dispute. Plaintiffs filed a petition in the Circuit Court of the City of St. Louis seeking damages for injuries Mrs. Gasper sustained when she fell on a sidewalk maintained by St. Charles County on October 1, 1985. The petition also sought damages for injuries Mrs. Gasper sustained when she was struck in the face by an x-ray machine on March 19, 1986, while undergoing medical treatment at Washington University for the injuries she sustained in the sidewalk fall.[1] A third count sought damages for Mr. Gasper's loss of consortium. On October 23, 1990, plaintiffs took a nonsuit, without prejudice, at plaintiffs' cost. The voluntary dismissal occurred at trial after jury selection and opening statements, but before the introduction of evidence.

On March 5, 1991, plaintiffs refiled their petition in the Circuit Court of St. Charles County within the time limitations of § 516.230 RSMo 1986. St. Charles County was served with process on March 7, 1991, and Washington University was served on March 14, 1991. On April 3, 1991, St. Charles County filed an answer, interrogatories directed to plaintiffs, a request for production of documents, and a motion to stay the proceedings until plaintiffs paid the cost bill from the original action in the City of St. Louis. Plaintiffs filed objections to the interrogatories and request for production on April 5, 1991. The objections and St. Charles County's motion to stay the proceedings were scheduled for hearing on May 10, 1991.

On April 9, 1991, Washington University filed a motion to dismiss or alternative motion to stay the proceedings, alleging plaintiffs were barred from bringing their cause of action until they paid the costs from the dismissal in the City of St. Louis. Discovery continued; plaintiffs filed answers to St. Charles County's interrogatories and request for production of documents, and the petition was amended by interlineation on plaintiffs' motion. St. Charles County filed a motion to compel plaintiffs' answers to certain interrogatories on April 30, 1991. Washington University filed a separate answer on May 3, 1991. Lastly, on May 7, 1991, plaintiffs filed a motion requesting that they be permitted to transfer and reuse all discovery from the original case in the City of St. Louis.

On May 10, 1991, the trial court held a hearing on plaintiffs' motion to transfer

---

1. Although there is some confusion as to when the original petition was filed, there is no dispute that it was within the applicable statute of limitations.

discovery and defendants' motions to stay the proceedings. The court sustained the motions except as to the use of prior discovery, and the parties were directed to attempt to stipulate regarding such use. On July 23, 1991, the Circuit Court of the City of St. Louis entered its order on plaintiffs' motion to assess costs in the original action, adjudging costs in the amount of $2,103.45 in favor of defendants.[2] The order also provided that upon payment of the costs, plaintiffs could proceed with the cause pending in St. Charles.

No further action was taken in the case until plaintiffs paid the cost bill from the first action on May 18, 1992. On June 1, 1992, plaintiffs filed a certificate of readiness requesting a trial setting. St. Charles County filed a certificate of nonreadiness and motion to continue on June 5, 1992, requesting an additional seven months to complete discovery.

On June 4, 1992, St. Charles County filed a motion to dismiss plaintiff's action "due to the doctrine of latches [sic] and the statute of limitations." On the same grounds, Washington University filed a motion to dismiss or alternative motion to transfer the cause to the Circuit Court of the City of St. Louis. At some point, the case had been placed on the dismissal docket, and plaintiff filed a motion to remove it therefrom. The motions were taken under submission; the dismissal docket setting was stayed pending resolution of the motions, and the parties were granted leave to submit briefs and transcripts. Plaintiffs filed a motion for rehearing and reconsideration of the ruling on July 8, 1992.

On August 9, 1992, the court entered an order sustaining defendants' motions to dismiss for plaintiffs' failure to timely pay the court costs in the original action, which caused "excessive and unwarranted delay in commencing" the second suit. Specifically, the court found the filing of plaintiffs' petition in the second action did not constitute a "commencement" within the

meaning of § 516.230 RSMo 1986, since the cause could not be commenced until plaintiff paid the court costs from the first suit. The court denied plaintiffs' motion for rehearing on September 11, 1992, and ordered the cause dismissed with prejudice at plaintiffs' cost pursuant to its original order.

On appeal, plaintiffs contend their cause of action was properly commenced within the meaning of § 516.230 RSMo 1986 upon their filing of the petition and service of process on defendants, although plaintiffs failed to pay the costs from their original, nonsuited action until after the statute of limitations had expired. We agree.

As detailed earlier, plaintiffs voluntarily dismissed their original cause pursuant to Rule 67.01, and costs were assessed against plaintiffs in accordance with § 514.-170 RSMo 1986. Pursuant to § 516.230 RSMo 1986, plaintiffs were entitled to commence a new action within one year of the dismissal.[3]

A civil action is commenced when the petition is filed. Rule 53.01; *Peltzman v. Beachner*, 813 S.W.2d 932, 933 (Mo.App. 1991). However, commencement of suit under the rules contemplates not only the filing of the petition, but issuance of a summons and delivery of the papers to the sheriff for service pursuant to Rule 54.01. *Tri–City Constr. Co. v. A.C. Kirkwood & Assoc.*, 738 S.W.2d 925, 928 (Mo.App.1987). Further, the statute of limitations continues to run unless the plaintiff after filing the petition practices due diligence in obtaining service of process upon the defendant. *Peltzman*, 813 S.W.2d at 934; *U.S. Laminating Corp. v. Consolidated Freightways Corp.*, 716 S.W.2d 847, 849 (Mo.App.1986).

In this case, there is no question that plaintiffs filed their petition, had summons issued, and obtained proper service on defendants within a year after the nonsuit. Nevertheless, the trial court found, and defendants argue, that plaintiffs failed to

---

**2.** The order also adjudged costs in the amount of $1,420.80 in favor of a third defendant, Heritage Patio Homes Association, which was a party only to the original action.

**3.** A voluntary dismissal without prejudice is a species of "nonsuit" contemplated in § 516.230 RSMo 1986. *State ex rel. Buchanan County v. Roach,* 548 S.W.2d 206, 209 (Mo.App.1977).

commence their action within the meaning of § 516.230 RSMo 1986, because the case could not be commenced and the statute of limitations could not be tolled until plaintiffs paid the court costs from the first suit. Neither the trial court nor the defendants cite to any authority supporting this novel assertion, and we find none. The filing of the petition, issuance of process, and diligent service thereafter was sufficient to commence plaintiffs' action within the meaning of § 516.230 RSMo 1986.

Upon motion of defendants, the trial court ordered the costs paid and stayed the proceedings pursuant to Rule 67.07 until plaintiffs paid the costs from the nonsuited case.[4] The court was without authority to take the further action of conditioning the tolling of the statute of limitations upon plaintiffs' payment of those costs. Defendants argue the dismissal was nevertheless proper because plaintiffs in delaying payment of the costs failed to prosecute their action in good faith and with due diligence. However, the trial court did not base its dismissal on this ground, and we do not determine the issue here.

The trial court erred in dismissing the action as barred by the statute of limitations. The judgment is reversed and the cause remanded with directions that the circuit court reinstate plaintiffs' petition.

REINHARD and CRIST, JJ., concur.

---

**4.** Rule 67.07 provides: "If a plaintiff who has once dismissed a civil action in any court commences a civil action based upon or including the same claim against the same defendant, the court may make an order for the payment of any unpaid costs of the civil action previously dismissed and may stay the proceedings in the civil action until plaintiff has complied with the order." Section 514.180 RSMo 1986 provides the court with the same authority.